**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jimmy JACKSON,
Defendant-Appellant.**

**No. 75–2026.**

United States Court of Appeals,
Fifth Circuit.

Feb. 13, 1976.
Rehearing Denied March 18, 1976.

William J. McLeod, Jr., St. Petersburg, Fla. (court-appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Claude H. Tison, Jr., Eleanore J. Hill, Asst. U. S. Attys., Tampa, Fla., for plaintiff-appellee.

Before BELL and DYER, Circuit Judges, and MEHRTENS, District Judge.

MEHRTENS, District Judge:

After a jury trial, appellant Jimmy Jackson was convicted on a one count indictment of aiding and abetting possession with intent to distribute 148 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On appeal, Jackson asserts the District Court erred in failing to grant his motion for directed judgment of acquittal. We agree with Jackson that the United States failed to prove a prima facie case of guilt as to the offense charged, and reverse his conviction.

Evidence presented at trial established that Jackson introduced co-defendant Bischoff to co-defendant Thurman. In turn, Thurman and Bischoff arranged to sell the cocaine in question to Drug Enforcement Administration agents, who arrested them both after weighing and testing the drug. Jackson did not exercise dominion or control over the cocaine, but he was associated with the criminal venture, participated in it as in something he wished to bring about, and sought by his action to make it succeed. See *United States v. Anthony*, 474 F.2d 770 (5th Cir. 1973). He was improperly indicted under the possession clause of 21 U.S.C. § 841(a)(1), because although the evidence was sufficient to sustain an aiding and abetting charge of distribution under § 841(a)(1), it fails to establish Jackson's aiding and abetting possession of the cocaine with intent to distribute.

Jackson's conviction cannot be sustained under a theory of constructive possession, because there is no evidence that he exercised any measure of dominion or control over the contraband. *United States v. Maspero*, 496 F.2d 1354 (5th Cir. 1974).

The government contends that a conviction of aiding and abetting possession with intent to distribute can be supported by evidence sufficient for a con-

viction of aiding and abetting distribution and/or sale. This argument has a superficial appeal, since possession is an element in the substantive charge of either distribution or sale. Thus conviction of sale or distribution would necessarily imply that a defendant could also have been convicted on a possession count. This rationale, however, does not extend to appellant's conviction under 18 U.S.C. § 2.

■■■■ 18 U.S.C. § 2 codified the common law relating to accessories, making one who aids and abets a substantive offense liable as a principal. To aid and abet means to assist the perpetrator of the crime while sharing in the requisite criminal intent. *Johnson v. United States*, 195 F.2d 673 (8th Cir. 1952); *United States v. Peoni*, 100 F.2d 401 (2nd Cir. 1938). Because the crime consists of illegal assistance in the criminal act, the government need not prove all the elements of the substantive offense. Thus Jackson could have been convicted of aiding and abetting the distribution of the cocaine because of his overall participation in the criminal venture. Although he was not present at the actual sale, he helped set up the transaction, was aware of all the circumstances, and intended that the illegal venture succeed. There was not, however, any evidence that he helped Thurman obtain the cocaine, or that he exercised any control over it. There was no participation by Jackson in the possession aspect of the transaction on which his conviction of aiding and abetting possession with intent to distribute can be sustained.

Reversed.