UNITED STATES of America, Appellee,

v.

Samuel George LINDSAY, Appellant.

No. 76–1836.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1977.

Decided April 5, 1977.

Donald H. Nichols, Minneapolis, Minn., for appellant.

John M. Lee, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Robert G. Renner, U. S. Atty., Minneapolis, Minn., on brief.

Before HEANEY and STEPHENSON, Circuit Judges, and STUART, District Judge.*

HEANEY, Circuit Judge.

The appellant, Samuel George Lindsay, was convicted of two counts; one count of theft of the mail and one count of possession of stolen mail, both in violation of 18 U.S.C. § 1708. He was sentenced for a period of two years on each count to be served concurrently. A brief statement of facts is necessary as background to the issues raised upon appeal.

Lindsay was observed entering a three-unit apartment building by the owner-manager, at about noon on June 17, 1976. The manager left the rental office, which is located about one-half block away, to investigate and met the appellant leaving the apartment building. In response to an inquiry, Lindsay indicated that he was picking up mail for a Susan Strand in Apartment 2. However, the mail in his hand was addressed to John and Mary Orlock in Apartment 3. The appellant was then escorted to the rental office and seated in a chair that was first cleared of papers and other miscellaneous items. A screwdriver was found in the chair when he arose to accompany the police to the station. There was no evidence that the screwdriver belonged to Lindsay. While there were tool marks on the apartment mailboxes, there was no evidence that the screwdriver found in the chair was the one used to tamper with the mailboxes in question.

■ At trial, the defense moved to suppress statements made by Lindsay to the postal inspector after he had been taken into custody. Lindsay testified that he was an alcoholic, that he had been drinking the night before the incident and that he began drinking again at 7:30 in the morning of the incident. The owner-manager of the apartment, the police officer and the postal inspector all testified that while they smelled alcohol on his breath, that he was not intoxicated. No testimony was offered by the appellant to support his claims that he was too intoxicated to have waived his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We find nothing in the record that would justify a reversal of the District Court's finding that Lindsay's waiver was knowing and intelligent. *United States v. Cox*, 166 U.S.App. D.C. 57, 509 F.2d 390 (1974).

■ Lindsay claims a mistrial should have been granted because of an improper and prejudicial closing argument made by the prosecutor. We have examined the alleged errors in the context of the entire trial, *United States v. Lewis*, 547 F.2d 1030 (8th Cir. 1976); *United States v. Hoog*, 504 F.2d 45 (8th Cir. 1974), *cert. denied*, 420 U.S. 961, 95 S.Ct. 1349, 43 L.Ed.2d 437 (1975), and find that the argument was based upon evidence presented at trial and was within the limits available to counsel during closing argument for comment upon the evidence. *United States v. Gerry*, 515 F.2d 130 (2nd Cir.), *cert. denied*, 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975).

■ It is also claimed by Lindsay that there was insufficient evidence to support his convictions. Guilt of theft of the mail and of possession of stolen mail may be inferred by unexplained possession of stolen mail. *See Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); *United States v. Mooney*, 417 F.2d 936 (8th

* WILLIAM C. STUART, District Judge, Southern District of Iowa, sitting by designation.

Cir. 1969), *cert. denied*, 397 U.S. 1029, 90 S.Ct. 1280, 25 L.Ed.2d 541 (1970). The jury verdicts demonstrate that both the explanation of intoxication and of mistake in picking up mail for an acquaintance were rejected and are supported by the evidence.

On our own motion, we required supplemental briefs to be filed on the question of whether it was proper for the District Court to permit the jury to return separate verdicts and thereafter to impose separate sentences for theft of the mail and for possession of stolen mail. In this case, proof of theft necessarily involved proof of possession,[1] particularly since theft was partially inferred from Lindsay's unexplained possession of recently stolen mail.

An analogy can be made to the line of Supreme Court cases, concluding with *United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976), which

have dealt with the question of whether a defendant can be convicted and sentenced for stealing and also for receiving or possessing the same goods.[2] In *Gaddis*, the Supreme Court held that a defendant convicted of robbing a bank in violation of 18 U.S.C. § 2113(a), (b) and (d) cannot also be convicted of possessing the proceeds of that robbery in violation of 18 U.S.C. § 2113(c). The Court concluded it was not the intent of Congress to multiply the offense and to increase the punishment of bank robbers. The Supreme Court vacated the conviction and sentence under the possession count.[3] Following *Gaddis*, the Sixth Circuit recently held that a defendant cannot be convicted of both theft from an interstate shipment and possession of goods stolen from an interstate shipment under 18 U.S.C. § 659, absent legislative intent to create multiple offenses. *United States v. Solimine*, 536 F.2d 703 (6th Cir.), *vacated on other*

---

1. Separate and distinct offenses, each requiring proof of different facts, can arise, of course, out of a single behavioral incident. In *United States v. Roundtree*, 527 F.2d 16 (8th Cir. 1975), *cert. denied*, 424 U.S. 923, 96 S.Ct. 1133, 47 L.Ed. 332 (1976), convictions and sentences for robbing and for assaulting a government agent were upheld even though they arose out of a single incident. Because separate and distinct physical acts are involved, theft from the mail and abstraction of matter from stolen mail in violation of 18 U.S.C. § 1708 have been held to be separate offenses. *Jenkins v. United States*, 363 F.2d 24 (5th Cir. 1966).

In *Michener v. United States*, 157 F.2d 616 (8th Cir. 1946), the defendant was convicted and sentenced to consecutive terms on two counts under 18 U.S.C. § 264; one, of unlawfully causing and procuring to be made a counterfeit plate, and, two, of possessing a counterfeit plate. The Eighth Circuit held the sentences violated the Double Jeopardy Clause, but the Supreme Court reversed in a per curiam, *id.*, 331 U.S. 789, 67 S.Ct. 1509, 91 L.Ed. 1818 (1947), citing as controlling *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 706 (1932); *Albrecht v. United States*, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505 (1927); and *Gavieres v. United States*, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911). *Michener v. United States, supra*, is distinguishable from this case because proof of causing a counterfeit plate to be made does not necessarily involve proof of possession.

2. In *United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976), the Court relied upon *Prince v. United States*, 352 U.S.

322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), *Heflin v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), and *Milanovich v. United States*, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961). The Court in *Prince* held that a defendant could not be convicted of both bank robbery and entry of a bank with intent to commit a robbery if the robbery is completed. It remanded the case to the District Court for resentencing. The Court concluded that entry was made unlawful under 18 U.S.C. § 2113(a) to reach the class of wrongdoers who fail to achieve their criminal purpose rather than to fragment the crime for purposes of increasing punishment. Again, in *Heflin*, the Court determined that it was not the purpose of Congress to "pyramid" the punishment of bank robbers under 18 U.S.C. § 2113 and reversed convictions for separate counts of bank robbery and receipt of stolen funds. Similarly, the Court in *Milanovich* held that a defendant cannot be convicted of both stealing, and receiving and concealing, government property under 18 U.S.C. § 641.

3. *Milanovich v. United States, supra*, which required a new trial, was distinguished on the basis of its unusual facts. *United States v. Gaddis, supra*. In *Milanovich*, seventeen days elapsed between the theft and the first time the defendant received any of the proceeds from the theft. It was thus impossible to determine whether a properly instructed jury would have convicted on the larceny count or the receiving count.

grounds, —— U.S. ——, 97 S.Ct. 517, 50 L.Ed.2d 603 (1976).[4]

■■ There is no legislative history to indicate that Congress intended to create multiple offenses under 18 U.S.C. § 1708 so as to enhance the punishment. Absent congressional intent to subdivide the offense to increase the penalty, "doubt will be resolved against turning a single transaction into [a] multiple offenses." *Bell v. United States*, 349 U.S. 81, 84, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955). *See also Heflin v. United States*, 358 U.S. 415, 419, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); *Prince v. United States*, 352 U.S. 322, 329, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). We, thus, hold that it was improper under the facts here to convict, and sentence Lindsay for both theft from the mail and possession of stolen mail.

■ We recognize that both theft and possession may be charged when proof of possession is stronger than proof of theft and a jury might reasonably find the defendant guilty only of possession. In such factual situations, the improper cumulation of convictions is to be avoided by instructing the jury that it may convict of either theft or possession but not both. *United States v. Gaddis, supra* at 549; *United States v. Solimine, supra* at 711 n. 30.

■ While the erroneous imposition of two sentences for a single offense does not constitute double jeopardy, *Holiday v. Johnston*, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941); *Michener v. United States*, 157 F.2d 616 (8th Cir. 1946), *rev'd on other grounds*, 331 U.S. 789, 67 S.Ct. 1509, 91 L.Ed. 1818 (1947), when this occurs, the sentence on one of the offenses must be

4. In *United States v. Solimine*, 536 F.2d 703 (6th Cir.), *vacated on other grounds*, —— U.S. ——, 97 S.Ct. 517, 50 L.Ed.2d 603 (1976), the Sixth Circuit departed from its prior position that "permitted conviction for both theft and possession even though possession stemmed from the same act as the theft." *Id.* at 711. But see *United States v. Cusumano*, 429 F.2d 378 (2nd Cir.), *cert. denied*, 400 U.S. 830, 91 S.Ct. 61, 27 L.Ed.2d 61 (1970); *D'Argento v. United States*, 353 F.2d 327 (9th Cir. 1965), *cert. denied*, 384 U.S. 963, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966); *Robinson v. United States*, 333 F.2d 323 (8th Cir. 1964).

vacated. *United States v. Belt*, 516 F.2d 873 (8th Cir. 1975), *cert. denied*, 423 U.S. 1056, 96 S.Ct. 790, 46 L.Ed.2d 646 (1976); *United States v. Howard*, 507 F.2d 559 (8th Cir. 1974). This is true even if the sentences are concurrent because of the possibility of adverse collateral consequences from the erroneous imposition of the concurrent sentences. *United States v. Belt, supra* at 876.

Accordingly, the judgment of conviction and sentence of Lindsay for possession of stolen mail is vacated. In all other respects, the judgment of the District Court is affirmed.

STUART, District Judge, concurs in the result.

The Sixth Circuit vacated the conviction and sentence for receipt and possession of goods stolen from an interstate shipment of only one of the defendants. When the Supreme Court vacated the judgment, it remanded the case to the Sixth Circuit for consideration of another defendant's claim "that his convictions and concurrent sentences for theft and receiving the same property must be dealt with as were the similar convictions and concurrent sentences of [his] co-defendant." *Solimine v. United States*, —— U.S. ——, 97 S.Ct. 517, 50 L.Ed.2d 603 (1976).