UNITED STATES of America, Appellee,

v.

Allen Earl NELSON, Appellant.

No. 77–1291.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 30, 1977.
Decided Oct. 20, 1977.

Before BRIGHT, ROSS and HENLEY, Circuit Judges.

ROSS, Circuit Judge.

Allen Earl Nelson appeals from his conviction on two counts involving the distribution of heroin. Both incidents allegedly occurred on October 28, 1976, in Minneapolis, Minnesota.

The evidence supporting Count I, which charged aiding and abetting the distribution of approximately four grams of heroin, a Schedule I controlled narcotic substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, was introduced by three government witnesses: Michael Campion, a narcotics agent assigned to the Drug Enforcement Administration (DEA) Task Force in Minneapolis; Robert Adams, also known as Henderson McCoy, an informant; and a surveillance officer. It indicates that at approximately 11:45 a. m. on October 28, 1976, Campion and Adams drove to 2012 Aldrich Avenue South where Adams had arranged to buy heroin from an individual who lived at that address known as Billy Black. Adams, an admitted heroin user, entered the building and Campion remained in the automobile. A short time later Adams returned accompanied by the defendant. Nelson advised Campion that the heroin available there was of poor quality, but that he could procure some better heroin on the north side. Adams and the defendant then left in a blue Chevrolet driven by the defendant. Campion remained behind. There was no surveillance of Adams and Nelson during their absence from the Aldrich Avenue address. On their return Adams delivered a packet of heroin to Campion, but it was the defendant who advised Campion that it was good quality, that he got a good deal on it, and that there was some change to be refunded to Campion. The defendant also offered to obtain more drugs for Campion, and arrangements were made for Adams to call Nelson later in the day.

Evidence regarding what occurred during the approximately 70 minutes that Adams

Ragnhild Anne Westby, St. Paul, Minn., argued and on brief, for appellant.

Ann D. Montgomery, Asst. U. S. Atty. (argued), and Andrew W. Danielson, U. S. Atty., Minneapolis, Minn., on brief, for appellee.

and the defendant were gone from the Aldrich Avenue address was contradictory. The government's only evidence was Adams' testimony. He stated that they drove to a bar where he waited in the car while Nelson went inside and got some heroin from "Hank;" that they then stopped at a house on Bryant Street where Nelson obtained more drugs; and that after they had possession of the drugs he drove the car and the defendant handled the heroin. Cross-examination of Adams disclosed his previous extensive arrest record, his continuing use of drugs, and his background as a paid government informant.

Defense witness Beverly Pruitt, who lived at the Bryant Street address, testified that on the day in question Adams and Nelson came to her residence, sent her out for some dorman (a cutting agent for heroin), and used three-fourths of the heroin, cutting the remainder with the dorman. She testified that the men indicated that they were in a hurry.

Count II charged the defendant with distribution of approximately 13 grams of heroin in violation of 21 U.S.C. § 841(a)(1). The same witnesses plus an additional surveillance officer testified about the second transaction. The testimony showed that after the first sale Adams and Campion returned to DEA headquarters. Adams, in Campion's presence, placed two telephone calls to the defendant to arrange the subsequent sale, as Nelson had allegedly suggested. Both conversations were recorded and introduced as evidence. About 6:45 p. m. Adams and Campion returned to the Aldrich Avenue address. Again Campion waited in the car while Adams went inside. Adams testified that he showed Nelson the $1300 "buy" money and Nelson told him the "stuff" would be ready in 15–20 minutes. Adams returned to the car to wait with Campion. When a Minneapolis police cruiser entered the parking lot, Adams and Campion drove to a nearby gasoline station and Adams made a phone call, allegedly to Nelson. They then returned to the Aldrich Avenue address where Nelson was waiting inside the front door. Adams went in and completed the transaction.

The defendant did not testify. In addition to Beverly Pruitt, the defendant's probation officer testified in his behalf. The defense had subpoenaed Donald Allen, the alleged owner of the Aldrich Avenue apartment, but he did not appear. Defense counsel was allowed to indicate what questions she would have asked Allen had he been available. Her questions suggested that Allen was also involved in the two incidents on October 28, 1976.

The apparent theory of the defense was that Adams was biased and not a credible witness and that without his testimony the jury could conclude that the defendant was only a possessor, not a distributor, of the heroin. A lesser included offense (possession) instruction, submitted by the defense, was not given. The failure of the district court to give the instruction is the first allegation of error on appeal.

*Lesser Included Offense Instruction*

■ This court set forth the elements which must appear before a defendant is entitled to a lesser included offense instruction in *United States v. Thompson*, 492 F.2d 359 (8th Cir. 1974). It must appear that:

(1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) there is some evidence which would justify conviction of the lesser offense; (4) the proof of the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; and (5) there is mutuality, * * *.

*Id.* at 362 (emphasis omitted). Furthermore, we have stated that lesser included offense instructions are "not proper unless it is impossible to commit the greater without first committing the lesser, for otherwise the lesser is not properly a lesser offense to [the] greater." *United States v. Eisenberg*, 469 F.2d 156, 162 (8th Cir. 1972), *cert. denied*, 410 U.S. 992, 93 S.Ct. 1515, 36 L.Ed.2d 190 (1973).

■ The major issue under Count I is whether the second element enunciated in *United States v. Thompson, supra,* 492 F.2d at 362, is present: Is possession a necessary element to be proved by the government under a charge of aiding and abetting the distribution of heroin? We believe it is not.

We find no case in this circuit where this precise issue has been decided.[1] In *United States v. Brischetto,* 538 F.2d 208, 210 (8th Cir. 1976), we held that possession *is* a lesser included offense under a charge of possession with intent to distribute, and reversed the conviction where the district court had refused to give the requested instruction. However, where, as here, the charge is aiding and abetting the *distribution* of drugs, possession is not a necessary element of proof. A Fifth Circuit case lends support to our holding. That court reversed a conviction for aiding and abetting possession with intent to distribute where the evidence showed that the defendant participated in the transaction but did not exercise dominion and control over the drugs. *United States v. Jackson,* 526 F.2d 1236 (5th Cir. 1976). The court held that the defendant was improperly indicted under the possession clause of 21 U.S.C. § 841(a)(1); that the evidence was sufficient to sustain a charge of aiding and abetting distribution, but not for aiding and abetting possession with intent to distribute.[2]

Since we find that possession is not an element of the offense charged and the second requirement of *United States v. Thompson, supra,* 492 F.2d 359, is therefore not present, we hold that it was not error for the district court to refuse to give the requested lesser included offense instruction on Count I.

■ In Count II the substantive offense of distribution was charged. The element which differentiates possession and distribution is knowing and intentional distribution of a controlled substance. *United States v. Klugman,* 506 F.2d 1378, 1380 (8th Cir. 1974). From a reading of the record we find that that element is not "sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense." *United States v. Thompson, supra,* 492 F.2d at 362. The defendant's intent to distribute is clearly evidenced in the tape recordings of his telephone conversations with Adams. Therefore, it was not error for the district court to refuse to give the requested instruction under Count II.

*Fair Trial*

■ The defendant's second allegation of error on appeal relates to the district court's decision to allow defense counsel to state the questions she would have addressed to Donald Allen had he been present pursuant to subpoena. The defendant argues that this unusual procedure denied him his right to a fair trial.

Although we agree that the procedure was extraordinary, we note that defense counsel did not move for a continuance in order that Allen be located. *Cf. United States v. Fuentes,* 432 F.2d 405, 407 (5th Cir. 1970), *cert. denied,* 401 U.S. 919, 91 S.Ct. 904, 27 L.Ed.2d 822 (1971). Furthermore, surrounding circumstances indicate that even if Allen had been present he may

1. Our decision in *United States v. Atkins,* 473 F.2d 308 (8th Cir.), *cert. denied,* 412 U.S. 931, 93 S.Ct. 2751, 37 L.Ed.2d 160 (1973), suggests that possession was not a necessary element of proof for aiding and abetting the *purchase* of heroin under the prior statute, 26 U.S.C. § 4704(a) (repealed 1970).

In *United States v. Jackson,* 482 F.2d 1264 (8th Cir. 1973), this court affirmed a conviction for aiding and abetting the distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, where the recited facts indicated that the defendant never had actual possession of the drugs.

2. It is not necessary for us to decide, under Count I, whether this court would agree with the dicta in *United States v. Jackson,* 526 F.2d 1236 (5th Cir. 1976), that possession is an element of either the substantive offense of possession with intent to distribute or the substantive offense of distribution. *Id.* at 1238. We do note that this statement is inconsistent with the Sixth Circuit's observation in *United States v. Stevens,* 521 F.2d 334 (6th Cir. 1975): "The possession with intent charge can be proved without proof of actual distribution and the distribution charge can conceivably be proved without proof of possession." *Id.* at 337 n.2.

not have testified.[3] The defendant was able to get his theory before the jury and any error in this unusual procedure was not prejudicial.

The judgment of the district court is affirmed.

BRIGHT, Circuit Judge, concurring in part and dissenting in part:

Under the evidence introduced to support a conviction on count I, appellant Nelson was entitled to an instruction on the lesser included offense of possession. Count I charged the appellant with aiding and abetting distribution. To be sure, this offense does not necessarily include possession, and this court has so held in this case. I believe the court has erred, however, in its inflexible determination that possession never constitutes an essential element in the charge of aiding and abetting distribution.

The Government's case on count I sought to establish that Nelson aided and abetted one Henry Van Buren in the distribution of heroin on October 28, 1976, by acting as a link in a chain of distribution: The source, Van Buren, passed the narcotic substance to Nelson; Nelson briefly possessed the contraband and then passed it on to government informant Adams, and Adams then transferred it to DEA agent Campion. Nelson's witness, however, testified that Adams and Nelson jointly possessed the heroin, but Adams acted as the sole distributor.

Based on this evidence, the jury could plausibly convict appellant of possession and acquit him of aiding and abetting distribution. Instead, the jury faced an all or nothing dilemma; acquit, or convict on the only instructed charge, aiding and abetting distribution.

The Supreme Court explicitly recognized the danger of placing a jury in this equivocal situation in *Keeble v. United States,* 412 U.S. 205, 212–13, 93 S.Ct. 1993, 1997–1998, 36 L.Ed.2d 844 (1973). Although discussing the construction of the Major Crimes Act (now 18 U.S.C. §§ 1153, 3242), the Court stated in reference to the criminal defendant's claim to a lesser included offense instruction:

> True, if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction—in this context or any other—precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction. [Emphasis in original.]

Significantly, in its discussion of the lesser included offense doctrine, the Court stressed a jury's rational approach to an offense based upon the evidence, stating:

> Although the lesser included offense doctrine developed at common law to assist the prosecution in cases where the evidence failed to establish some element of the offense originally charged, it is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense *if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.* [*Id.* at 208, 93 S.Ct. at 1995 (emphasis added) (footnote omitted).]

In count I, possession became an integral part of the Government's proof of aiding and abetting. In my view, it was the *quality* of possession that differentiated the greater offense, aiding and abetting distribution, from the lesser, mere possession. In such circumstances, the jury should have been given the choice of convicting appellant of the lesser offense.

---

**3.** Donald Allen was under indictment for numerous heroin distributions in a related case and could have exercised his fifth amendment right against self-incrimination. In addition it was possible that he had been in violation of a sequestration order by his presence in the courtroom earlier in the trial.

As to count II, no evidence surfaced separating appellant's possession of the heroin from its distribution. Thus, appellant cannot satisfy the fourth requirement of *Thompson* that "the proof of the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense[.]" *United States v. Thompson*, 492 F.2d 359, 362 (8th Cir. 1974). Thus, no lesser offense instruction was warranted.

The appellant has been sentenced to ten years concurrent on each count but the concurrent sentence rule probably ought not to be applied in this case. *United States v. Holder*, 560 F.2d 953 (8th Cir. 1977); *United States v. Lindsay*, 552 F.2d 263 (8th Cir. 1977). Accordingly, I would vacate the conviction on count I and remand for resentencing.