UNITED STATES of America, Appellee,

v.

**Henry VAN BUREN, Appellant.**

**No. 77–1431.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1977.

Decided Jan. 13, 1978.

Certiorari Denied March 20, 1978. See 98 S.Ct. 1506.

Kathleen M. Graham, Dayton, Herman & Graham, Minneapolis, Minn., for appellant.

Ann D. Montgomery, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Andrew W. Danielson, U. S. Atty., and Janet Forest, Legal Intern, Minneapolis, Minn., on brief.

Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

Defendant Van Buren appeals from a verdict of guilt by a jury and conviction on Counts II through VI of an indictment[1] charging distribution of 1.30 grams of cocaine on November 1, 1976 (Count II); distribution of 4 grams of heroin on November 11, 1976 (Count III); and unlawful possession with intent to distribute on November 19, 1976, .25 grams of heroin (Count IV); .50 grams of cocaine (Count V); 7.621 grams of cocaine (Count VI); all in violation of 21 U.S.C. § 841(a)(1). The jury also returned a verdict of guilty on Count I charging distribution of 4 grams of heroin on October 28, 1976, but the trial court dismissed this count on the day of sentencing.[2]

The thrust of defendant's appeal is that the erroneous admission of hearsay testimony of alleged co-conspirator Allen Nelson in the absence of any substantial independent evidence establishing a conspiracy between declarant Nelson and defendant Van Buren

tainted defendant's conviction on Counts II through VI. The government contends that the disputed testimony was properly admitted under the conspiracy exception, and in any event, assuming arguendo the Nelson statements were improperly admitted, no prejudice resulted to defendant in view of the overpowering evidence of defendant's guilt on Counts II through VI upon which sentence was imposed. We are convinced that error, if any, was not prejudicial and therefore affirm.

The evidence discloses that Robert Adams, a known addict, commenced working with the Drug Enforcement Administration (DEA) in 1976 as an informant. On October 28, 1976 (Count I), DEA Agent Campion and informant Adams drove to an apartment building located on Minneapolis' near south side, at 2012 Aldrich Avenue South, where informant Adams had arranged to purchase heroin from one Billy Black. Informant Adams was furnished with $550 in marked funds by Agent Campion before entering the apartment building. Informant Adams returned without drugs. He was accompanied by Allen Nelson. Agent Campion, over objection, testified that Nelson told him that the heroin inside was of poor quality and that he could get some good heroin on the north side. Informant Adams testified that Nelson drove to the north side of Minneapolis, to the Cozy Bar at Sixth and Plymouth Avenue North, where Nelson went upstairs to defendant Van Buren's apartment and bought two bindles of heroin from defendant. Defendant objected to testimony by informant as to statements made by Nelson regarding the purchase.[3] Nelson returned $173 of the

---

1. Allen Nelson was charged with defendant in Count I and Nelson was charged alone in another count with distribution of heroin. After severance was ordered, a superseding indictment was filed charging Van Buren as indicated above. Nelson was tried initially and convicted on the two counts with which he was charged. His conviction was affirmed by this court. See United States v. Nelson, 563 F.2d 928 (8th Cir. 1977).

2. The Honorable Miles W. Lord, United States District Judge for the District of Minnesota,

imposed concurrent 15 year sentences on Counts II and III and concurrent 15 year sentences on Counts IV, V and VI, but to run consecutively to the sentence imposed on Counts II and III, all to be followed by a special parole term for life. Fines were also imposed on the various counts.

3. Prior to receiving informant's testimony concerning Nelson's statements about the transaction with defendant, the court, out of the presence of the jury, admonished the government it must establish the existence of a conspiracy by

$550 supplied to him by informant. Informant further testified that he had met defendant on several occasions before October 28, 1976, and on three or four occasions Nelson was present. He also testified that he had observed defendant deliver packages of heroin and cocaine to Nelson and that defendant had told informant that he wouldn't trust Nelson unless he had the money needed to make the purchase.

Defendant objected to all testimony by Agent Campion and informant with reference to statements by Nelson concerning the transaction charged in Count I and summarized above. The jury was appropriately cautioned by the court at the time the evidence was received and in the final instructions that before the hearsay statements could be considered the jury must find that a conspiracy existed and the statements were made in furtherance thereof.

It is our view that the question as to whether there was evidence, independent of the challenged hearsay statements, sufficient to raise a jury question on the issue of whether a conspiracy existed between defendant and Nelson is a close one. *See United States v. Nixon,* 418 U.S. 683, 701 n. 14, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *United States v. Holder,* 560 F.2d 953 (8th Cir. 1977); *United States v. Frol,* 518 F.2d 1134, 1136 (8th Cir. 1975). Inasmuch as we are persuaded that there is substantial evidence supporting defendant's conviction on the remaining five counts we need not reach this question. We are similarly persuaded that defendant's contention that the allegedly inadmissible hearsay evidence tainted his conviction on the remaining five counts is without merit.

The evidence with respect to Count II discloses that the distribution of cocaine by defendant on November 1, 1976, went directly to informant Adams. Adams testified that he went to defendant's apartment where he purchased $300 of cocaine from defendant who handed the cocaine to him in four containers. Agent Boulger, who drove

informant to the area, corroborated much of informant's testimony.

The evidence in support of informant Adams' purchase of 4 grams of heroin on November 11, 1976, as charged in Count III, is overwhelming. Prior to making the purchase a body transmitter was attached to informant Adams and he was given $700 in marked funds with which he purchased 10 bindles of heroin directly from defendant and conversed with defendant about purchasing more drugs later. During the entire time informant Adams was conversing with defendant, tape recordings were being made at two locations of the transmissions being received from the transmitter affixed to Adams. Both of these tape recordings were played in full for the jury.

The remaining counts of the indictment, Counts IV, V and VI, stem from the seizure of narcotics made during the arrest of defendant on November 19, 1976, and from seizures made during the execution of a search warrant at defendant's residence the same afternoon. Agent Haight searched the bedroom area and found concealed within the knot of a tie a coin envelope containing heroin, the basis for Count IV. A search of defendant's wallet seized from his back pocket after his arrest and pursuant to a search warrant resulted in the seizure therefrom of two coin envelopes which contained a white powdery substance, later analyzed to be cocaine. This formed the basis for Count V. Agent Brademan found a plastic bag containing approximately 7.6 grams of cocaine in a drawer in defendant's bedroom. This is the cocaine charged in Count VI. In addition to the drugs seized, agents found $1,500 in bills in one of defendant's suits, two gram scales, a cocaine test kit, and a package of polyethylene coin envelopes found in the dresser drawer beside the cocaine. The coin envelopes found in the drawer were examined and compared under infra-red analysis to the envelopes in which the heroin and cocaine were packaged on October 28, November 1 and November 19. The analysis

---

independent evidence. The prosecutor then made an offer of proof detailing the evidence that would establish the existence of a conspir-

acy between defendant and Nelson to distribute drugs.

indicated they were the same packaging material. Defendant told Agent Boulger that he did not use heroin and had never heroin in his life. Informant Adams also testified that defendant did not use heroin but did occasionally use a little cocaine.

In summary, each of the counts involved discrete transactions and the jury was repeatedly cautioned to weigh the evidence on each count separately. *See United States v. Holder, supra,* 560 F.2d at 955; *United States v. Febre,* 425 F.2d 107, 113 (2d Cir. 1970), *cert. denied,* 400 U.S. 849, 91 S.Ct. 40, 27 L.Ed.2d 87 (1971). Nelson, who was involved in the sale on October 28 (Count I, which was dismissed), was not involved in the five counts upon which defendant was convicted. The two distribution counts were direct sales by defendant to informant Adams, one of which was monitored by a transmitter. The remaining three possession with intent to distribute counts arose out of the seizure of narcotics from defendant and his residence pursuant to a search warrant. We are satisfied that the evidence submitted in connection with the dismissed Count I did not taint defendant's conviction on the remaining five counts.

Affirmed.