**UNITED STATES of America,**

v.

**Francis M. PERCUOCO, and William F. Griffin, et al.**

**Crim. No. 85–340–T.**

United States District Court, D. Massachusetts.

Feb. 27, 1986.

See also —— F.R.D. ——.

Steven Brooks, John Foskett, Deutsch, Glass & Brooks, Boston, Mass., John T. Kay, Jr., Kay, Casto & Chaney, Charleston, W.Va., for defendants.

Joseph Savage, U.S. Atty., for U.S.

## MEMORANDUM

TAURO, District Judge.

Defendants Percuoco, Griffin, Walsh, and Goldberg are alleged to have cooperated in the establishment of fraudulent coal mining tax shelters in West Virginia, and the subsequent use of these shelters to provide clients with illegal deductions on tax returns filed in Massachusetts. In addition to a conspiracy count that is not presently at issue, each of the defendants was charged with aiding and assisting taxpayers to file fraudulent tax returns in violation of 26 U.S.C. § 7206(2).[1]

The indictment was returned in West Virginia.[2] Defendants Percuoco and Griffin move to dismiss the twelve counts of violating 26 U.S.C. § 7206(2) on the ground of improper venue.

It is undisputed that everything that Percuoco and Griffin are accused of doing took place in Massachusetts. It is also undisputed that defendants Walsh and Goldberg performed a number of acts in West Virginia. At issue is whether defendants Percuoco and Griffin may be indicted in West Virginia for violating § 7206(2) solely because of the actions in that state of their codefendants Walsh and Goldberg.

■ Article III of the United States Constitution provides that "the trial of all crimes ... shall be held in the State where the said Crimes shall have been committed." This requirement also appears in the Sixth Amendment,[3] and has been further codified in Fed.R.Crim.P. 18.[4] This guarantee of a trial in the state and district in

---

1. 26 U.S.C. § 7206(2) states:

   Any person who ... Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under ... the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document, ... shall be guilty of a felony.

   Counts 2 through 13 of the indictment state in pertinent part:

   On or about the dates set forth below, in the Southern District of West Virginia and elsewhere, defendants Walsh, Goldberg, Percuoco, and Griffin, aided and abetted by each other, did willfully and knowingly cause and aid and assist in the preparation and presentation to the Internal Revenue Service of [specified tax returns], which tax returns were fraudulent and false as to material matters....

2. This case was subsequently transferred from West Virginia to this district under the provisions of Fed.R.Crim.P. 21(b), which states:

   For the convenience of parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to him or any one or more of the counts thereof to another district.

3. The Sixth Amendment provides in pertinent part:

   In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law.

4. Fed.R.Crim.P. 18 provides:

   Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed. The court shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses and the prompt administration of justice.

which the crime was committed includes the indictment process. An indictment, returned in a district other than where the crime was committed, must be dismissed. *United States v. Hurwitz*, 573 F.Supp. 547 (D.W.Va.1983).

The doctrine of a continuing offense provides an exception to the above rules.[5] Under this doctrine, an aider and abetter may be indicted and tried in either the district where he actually acted or in the district where the principal crime occurred. *United States v. Kibler*, 667 F.2d 452 (4th Cir.), *cert. denied*, 456 U.S. 961, 102 S.Ct. 2037, 72 L.Ed.2d 485 (1982). Thus, the indictment of defendants Percuoco and Griffin in West Virginia, based on acts performed in Massachusetts, would be proper only if the offense was a continuing one, that is, if these defendants aided and abetted a principal to commit an offense in West Virginia.

The government argues that defendants Walsh and Goldberg were principals, and defendants Percuoco and Griffin "aided and abetted" Walsh and Goldberg to "aid[ ] or assist[ ]" in the filing of false or fraudulent tax returns. The government labels Walsh and Goldberg as principals, because they acquired the coal properties, held an ownership interest in the partnerships formed, and transferred the property leases to the partnerships. Given this scenario,

the issue facing this court may be restated as follows: may defendants Percuoco and Griffin properly be charged with "aiding and abetting" the substantive offense of "aid[ing] or assist[ing]" in the filing of a fraudulent document—or must they actually be considered as having been charged as principals?

The substantive offense charged in 26 U.S.C. § 7206(2) is essentially that of aiding and abetting. Although the statute uses the phrase "aid[ ] or assist[ ] ..." rather than "aid and abet", there is no substantive difference between the two terms. Indeed, "aid and abet" has been defined as "to assist" in the perpetration of a crime. *United States v. Barnett*, 667 F.2d 835, 841 (9th Cir.1982); *United States v. Jackson*, 526 F.2d 1236, 1238 (5th Cir. 1976). "Aiding and abetting" imposes criminal responsibility on one who "assists another" in committing a crime. *See Nye & Nissen v. United States*, 336 U.S. 613, 620, 69 S.Ct. 766, 770, 93 L.Ed. 919 (1949).

The import of § 7206(2), therefore, is that aiding and abetting in the filing of a fraudulent tax return is a substantive offense. Under its provisions, a person who assists another in the filing of a fraudulent tax return acts as a principal.[6]

With respect to their alleged § 7206(2) violations, defendants Percuoco and Griffin must be considered to be principals. As

**5.** 18 U.S.C. § 3237(a) provides as follows:
Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which the offense was begun, continued, or completed.
The terms of 18 U.S.C. § 3237, however, are conclusory; for it to take effect, the district court must be satisfied that the crime was committed in more than one district. In order to determine whether an offense occurs in more than one district, the court must look to the terms of the substantive statute governing the offense. *See United States v. Slutsky*, 487 F.2d 832, 839 (2d Cir.1973). Thus, determination of whether an offense is a continuing offense is related to the "key verb" analysis, in which the proper venue for a crime is determined by focusing on the verbs and key terms of the statute, as well as the policies underlying the statute.

*See United States v. Anderson*, 328 U.S. 699, 66 S.Ct. 1213, 90 L.Ed. 1529 (1946); *United States v. Tedesco*, 635 F.2d 902 (1st Cir.1980), *cert. denied*, 452 U.S. 962, 101 S.Ct. 3112, 69 L.Ed.2d 974 (1981).

**6.** *See, e.g., United States v. Hurwitz*, 573 F.Supp. 547, 551 (D.W.Va.1983). In that case, two New York City defendants, acting in New York, had advised clients, prepared tax returns, and filed documents with the Internal Revenue Service, in connection with fraudulent coal partnerships located in West Virginia. A confederate had travelled to West Virginia and committed certain acts there in furtherance of the scheme. The two defendants were indicted in West Virginia for conspiracy and violation of 26 U.S.C. § 7206(2). The court dismissed the indictment as to the § 7206(2) counts, on the ground that the defendants had not committed any acts in West Virginia.

such, they should have been indicted in the district where they committed the alleged offense. It is undisputed that they acted only in Massachusetts. The § 7206(2) charges brought against them in West Virginia must, therefore, be dismissed.

AN ORDER WILL ISSUE.