Filed 1/31/22; Opinion on transfer from Supreme Court

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>SHAKELIA RENEE CHATMAN,<br><br>    Defendant and Appellant. | A151408<br><br>(Contra Costa County<br>Super. Ct. Nos. 51618479, 51619709) |

Defendant Shakelia Renee Chatman appeals her 2017 convictions on five counts of "identity theft" in violation of subdivisions (a) and (c) of Penal Code[1] section 530.5; one count of mail theft in violation of subdivision (e) of section 530.5; and one count of second degree commercial burglary in violation of section 459. As originally briefed in 2018, the principal question presented by this appeal was whether, under the provisions of Proposition 47, "identity theft" crimes had to be treated as misdemeanors if the value of the personal identifying information obtained and used (§ 530.5, subd. (a)) or possessed (§ 530.5, subd. (c)) did not exceed $950. At the time, our Supreme Court had before it conflicting opinions as to whether violations of section 530.5, subdivision (a) could be reclassified under Proposition 47. (Compare, e.g., *People v. Sanders* (2018) 22 Cal.App.5th 397, review granted July 25, 2018, review dismissed June 17, 2020, S248775, with *People v. Jimenez* (2018) 22 Cal.App.5th 1282, review granted July 25, 2018, S249397, reversed by *People v. Jimenez* (2020) 9 Cal.5th 53 (*Jimenez*).)

---

[1] All statutory references are to the Penal Code unless otherwise noted.

In March 2019, while *Jimenez* was still pending, we issued an opinion resolving defendant's appeal by holding that, as the Attorney General had acknowledged, her conviction for burglary had to be reduced to shoplifting under new section 459.5, subdivision (a), and further holding that, as the Attorney General had disputed, her five convictions for identity theft and mail theft in violation of section 530.5, subdivisions (a), (c), and (e) also had to be reduced to misdemeanors in violation of section 459.5, subdivision (a), or of section 490.2.

The California Supreme Court granted review of this case and deferred briefing pending its decision in *Jimenez*. In March 2020, the court decided *Jimenez*, holding that Proposition 47 does not apply to convictions for unlawfully obtaining and using personal identifying information in violation of section 530.5, subdivision (a), and that such convictions may not be reduced to misdemeanor shoplifting (§ 459.5). (*Jimenez, supra*, 9 Cal.5th at pp. 58–59.)[2] *Jimenez* did not address mail theft in violation of section 530.5, subdivision (e) (hereafter, section 530.5(e)). After deciding *Jimenez*, the court transferred this case back to us with directions to vacate our decision and reconsider the case in light of that decision.

Defendant and the Attorney General have each filed supplemental briefs in which they do not dispute the proper disposition of this appeal as to six of the seven convictions at issue. The parties agree that nothing in *Jimenez* undermines our original holding that defendant's burglary conviction must be

---

[2] While *Jimenez* did not expressly address subdivision (c) of section 530.5 (which bars acquiring or retaining possession of another's personal identifying information with an intent to defraud), this court has since held that the rule announced in *Jimenez* with regard to subdivision (a) of section 530.5 (which bars willfully obtaining and using such information for an unlawful purpose) applies to subdivision (c) as well. (*People v. Harrell* (2020) 53 Cal.App.5th 256, 263.)

2

reduced to misdemeanor shoplifting (§ 459.5), and they agree that *Jimenez* compels us to reach the opposite conclusion as to defendant's five convictions of violating section 530.5, subdivisions (a) and (c), which cannot be reduced to shoplifting or petty theft pursuant to Proposition 47. (*Jimenez, supra,* 9 Cal.5th at pp. 58–59.)[3] The parties dispute only whether *Jimenez* precludes the application of Proposition 47 to redesignate defendant's misdemeanor mail theft conviction under section 530.5(e) as a misdemeanor petty theft conviction (§ 490.2). We conclude that Proposition 47 does apply to mail-theft convictions in circumstances such as those involved in this case, and that defendant's mail theft conviction must be redesignated a petty theft conviction (§ 490.2).

## Background

In an amended felony information, defendant was charged with, and subsequently convicted by a jury of, one count of violating section 530.5, subdivision (a) (unauthorized use of personal identifying information), four counts of violating section 530.5, subdivision (c)(2) (fraudulent possession of personal identifying information with a prior conviction), one count of violating section 530.5(e) (mail theft), and one count of violating section 459 (second degree commercial burglary). Defendant does not contest the sufficiency of the evidence to establish these offenses. She now disputes only the proper designation of one of the offenses in light of the statutory amendments made by Proposition 47. No evidence was introduced indicating

---

[3] The Attorney General's supplemental brief contends that *Jimenez* dictates affirmance of the convictions pursuant to subdivisions (a) and (c) of section 530.5 and asserts that defendant's supplemental brief "acknowledges" that those convictions cannot be reduced, given the holding in *Jimenez*. While defendant's supplemental brief is in fact silent about the convictions under section 530.5, subdivisions (a) and (c), she has not disputed the Attorney General's assertion.

that the value of any of the personal information or property in question exceeded $950 and, in most instances, the evidence clearly showed the value to be considerably less than that amount.

The victim of three of the counts was one Nathaniel Bates. The evidence established that on November 30, 2015, defendant without permission took mail from Bates's home mail box (a violation of section 530.5(e) (count 5)) and that, in separate searches on December 10 and December 16, 2015, defendant was found in possession of, among other things, a checkbook for a Wells Fargo account of Bates and his son, and pieces of checks written to, or by, Bates, as well as personal identifying information, checks, and credit cards belonging to numerous other people (two violations of section 530.5, subdivision (c)(2) (counts 1, 2)).

One count related to Kevin Almestad, whose credit card was used by another without his permission on March 11, 2016, for a purchase at a Target store. In a March 17 search, defendant was found in possession of Almestad's credit card (a violation of section 530.5, subdivision (c)(2) (count 3)).[4]

Three counts related to Cynthia Bailey, who received a $300 charge from Target that she had not incurred, and whose forged check defendant cashed at a check cashing store (violations of section 530.5, subdivision (a) (count 6), section 530.5, subdivision (c)(2) (count 7) and section 459 (count 8)).

Upon defendant's conviction for these offenses, the court imposed a split sentence pursuant to section 1170, subdivision (h), consisting of two years in custody and three years of mandatory supervision.[5]

---

[4] Defendant was also charged with another offense relating to Almestad's personal identifying information, but the jury was unable to agree on that count, which was ultimately dismissed.

[5] The court calculated the sentence as follows: upper term of three years on count 6 (§ 530.5, subd. (a)), consecutive terms of eight months (one-third the midterm) on counts 1, 2 and 3 (§ 530.5, subd. (c)(2)), one year

4

**Discussion**

In 2014, California voters enacted Proposition 47, "The Safe Neighborhoods and Schools Act," which reduced certain theft-related offenses from felonies or wobblers to misdemeanors, unless the offenses were committed by certain ineligible offenders. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Proposition 47 is to be "broadly construed to accomplish its purposes."[6] One such purpose was " 'to reduce the number of nonviolent offenders in state prisons, thereby saving money and focusing prison on offenders considered more serious under the terms of the initiative' " (*People v. Gonzales* (2017) 2 Cal.5th 858, 870, while another was to " '[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft . . . , unless the defendant has prior convictions for specified violent or serious crimes.' " (*Ibid.*)

As summarized above, the only conviction in this case to which the applicability of Proposition 47 remains in dispute is that for mail theft pursuant to section 530.5(e). That provision states that "Every person who commits mail theft, as defined in [the federal mail-theft statute, 18 United States Code section 1708] . . . , is guilty of a public offense, and upon conviction therefor shall be punished by a fine, by imprisonment in a county jail not to exceed one year, or by [both]." (§ 530.5(e).) The federal mail-theft statute, in turn, applies to anyone who performs any of a wide variety of wrongful acts regarding the mail, including one who "steals, takes, or

---

concurrent with count 6 on count 5 (mail theft pursuant to § 530.5(e)), and midterms of two years each on count 7 (§ 530.5, subd. (c)(2)) and count 8 (§ 459), both stayed pursuant to section 654.

[6] Voter Information Guide, General Election (Nov. 4, 2014) text of Proposition 47, § 15, p. 74 <http://vig.cdn.sos.ca.gov/2014/general/-en/pdf/complete-vigr1.pdf> (as of Jan. 31, 2022).

abstracts, or by fraud or deception obtains, or attempts so to obtain" an item of mail from various locations or from employees of the postal system (18 U.S.C. § 1708); "abstracts or removes from" an item of mail anything contained therein (*ibid.*); "secretes, embezzles, or destroys" an item of mail (*ibid.*); "steals, takes, or abstracts, or by fraud or deception obtains" an item of mail or contents thereof that has been left for collection (*ibid.*); or knowingly "buys, receives, or conceals, or unlawfully has in his possession" a stolen item of mail or contents thereof. (*Ibid.*)[7] Section 530.5(e) incorporates by reference the entirety of the federal mail-theft statute (18 U.S.C. § 1708).

Defendant contends that, because section 530.5(e) encompasses some acts that constitute theft and others that do not, *People v. Page* (2017) 3 Cal.5th 1175 (*Page*) dictates that Proposition 47 requires resentencing under section 490.2 of a defendant convicted pursuant to section 530.5(e) if the conviction was for a theft of mail and if the value of that mail was $950 or less. We agree.

---

[7] The statute provides in full: "Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein; or [¶] Whoever steals, takes, or abstracts, or by fraud or deception obtains any letter, postal card, package, bag, or mail, or any article or thing contained therein which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter; or [¶] Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted— [¶] Shall be fined under this title or imprisoned not more than five years, or both." (18 U.S.C. § 1708.)

*Page* addressed Vehicle Code section 10851, which states that "[a]ny person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle . . . is guilty of a public offense . . . ." (See *Page, supra*, 3 Cal.5th at pp. 1179–1180.) The *Page* court noted "the distinction between the theft and nontheft forms of the Vehicle Code section 10851 offense" (*id.* at p. 1183), explaining that the statute "punishes not only taking a vehicle, but also driving it without the owner's consent, and 'with intent *either* to permanently *or temporarily* deprive the owner thereof of his or her title to or possession of the vehicle, *whether with or without intent to steal the vehicle*' " (*ibid.*, quoting Veh. Code, § 10851, subd. (a)), and that theft "requires a taking with . . . intent to permanently deprive the owner of its possession." (*Ibid.*) The court reasoned that "Proposition 47's new petty theft provision, section 490.2, covers the theft form of the Vehicle Code section 10851 offense" because section 490.2 "mandates misdemeanor punishment for a defendant who 'obtain[ed] any property by theft' where the property is worth no more than $950"; an automobile is property; and so, " 'after the passage of Proposition 47, an offender who obtains a car valued at less than $950 by theft must be charged with petty theft and may not be charged as a felon under any other criminal provision.' " (*Id.* at p. 1183.) Proposition 47 thus made "some, though not all, section 10851 defendants eligible for resentencing," namely, those serving a felony sentence under section 10851 "for vehicle theft—taking a vehicle with the intent to permanently deprive the owner of possession," if the vehicle was worth $950 or less. (*Id.* at p. 1184; see also *People v. Bullard* (2020) 9 Cal.5th 94, 109–110 [modifying rule of *Page* in other respect].)

7

A parallel analysis applies to section 530.5(e). The statute criminalizes some conduct that plainly constitutes theft, such as "steal[ing], tak[ing], or abstract[ing] . . . any letter, postal card, package, bag, or mail" from various locations or persons (18 U.S.C. § 1708, incorporated by reference by § 530.5(e)), and some conduct that does not constitute theft, such as "buy[ing], receiv[ing], or conceal[ing], or unlawfully ha[ving] in [one's] possession any letter, [etc.], which has been so stolen, taken, embezzled, or abstracted, . . . knowing the same to have been stolen, [etc.]" (*ibid.*). Under the reasoning of *Page*, *supra*, 3 Cal.5th at pages 1183–1184, section 490.2 requires that conduct constituting a theft version of the section 530.5(e) offense "shall be considered petty theft and shall be punished as a misdemeanor" if the value of the property at issue is $950 or less (§ 490.2, subd. (a)). Defendant's supplemental brief demonstrates that the record shows that she was convicted solely of a theft version of the section 530.5(e) offense,[8] and the Attorney General does not dispute the point.

The Attorney General contends that Proposition 47 can *never* apply to the crime of mail theft under section 530.5(e), under the reasoning of *Jimenez*, because of similarities between the section 530.5(e) offense and the crime of misuse of personal identifying information (§ 530.5, subd. (a)) that *Jimenez* held to be outside the scope of Proposition 47. The Attorney General notes that section 530.5(e) "is included with the offenses of fraudulent possession and unauthorized use of personal identifying information

---

[8] The prosecutor elected not to have the jury instructed on a buying or receiving theory of the section 530.5(e) offense and instead to proceed solely upon a theft theory. The court's instruction informed the jury of only one factual basis on which it could find defendant guilty of mail theft, namely, that she " 'stole or took from any mail, letter box, mail receptacle, or other authorized depository for mail matter, any letter, postal card, package, bag or mail.' "

[section 530.5, subdivisions (a) and (c)] in a section of the Penal Code chapter proscribing 'false personation and cheats,' not the section proscribing 'larceny' "; that section 530.5(e) does not use the term "grand theft" to define the crime it creates; and that section 530.5(e) does not set differing punishments for the crime of mail theft based on the value of the mail stolen. While those similarities do exist, the offense in *Page* was created by a statute that was outside the larceny chapter and the Penal Code altogether, did not use the term "grand theft," and did not base punishment on the value of the car at issue. (See Veh. Code, § 10851.) The reasoning by which the court in *Jimenez* held that *Page* did not apply to identity theft confirms that *Page* does govern the crime of mail theft under section 530.5(e). "What we decided [in *Page*] is that one version of Vehicle Code section 10851—'taking or driving a vehicle without the owner's consent'—established an offense qualifying as petty theft under the new . . . section 490.2 . . . [which] mandates misdemeanor punishment for a defendant who 'obtain[ed] any property by theft' [worth] . . . $950 or less. [Citation.] Although Vehicle Code section 10851 did not 'expressly designate the offense as ' "grand theft" ' and its prohibitions swept more broadly than 'theft,' we had previously identified a theft and nontheft way to commit the offense. [Citation.] The theft version of the vehicular offense fully mapped on to the new petty theft statute, and we thus concluded that [that] version, alone, was eligible for reduction: ' "[A] defendant convicted under section 10851(a) of unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession" has been convicted of stealing the vehicle.' [Citation.] [¶] The same doesn't hold for Jimenez's offense. Where Vehicle Code section 10851 contemplates two permutations—one fully satisfying the elements of petty theft after Proposition 47—. . . section 530.5, subdivision (a) contains no separate provision that, when violated, exclusively constitutes shoplifting or even

9

theft. Instead the offense defined in section 530.5, subdivision (a) always requires more than [the elements of shoplifting]." (*Jimenez, supra*, 9 Cal.5th at pp. 67–68.)

Section 530.5(e), defining mail theft, does not differ from Vehicle Code section 10851 in those respects. Section 530.5(e) establishes both an offense that qualifies as petty theft under section 490.2 and offenses that do not. While the California Supreme Court has not "previously identified a theft and nontheft way to commit the offense" (*Jimenez, supra*, 9 Cal.5th at p. 68), the language of 18 United States Code section 1708, the federal mail-theft statute incorporated by reference in section 530.5(e), clearly encompasses both. And at least one federal court has distinguished a theft and a nontheft way to violate that statute.[9]

Moreover, unlike the "identify theft" offense at issue in *Jimenez*, which "always requires more" than the elements of the new shoplifting offense created by Proposition 47 (*Jimenez, supra*, 9 Cal.5th at p. 68), the theft

---

[9] In *United States v. Lindsay* (11th Cir. 1977) 552 F.2d 263, the Eleventh Circuit Court of Appeals held that it was error to convict a defendant under the federal mail-theft statute both of stealing and of possessing the same items of stolen mail, relying on a line of cases that "have dealt with the question of whether a defendant can be convicted and sentenced for stealing and also for receiving or possessing the same goods." (*Id.* at p. 265.) Similarly, in *Page* our Supreme Court explained that the prior case in which it had identified a theft and nontheft way to commit the Vehicle Code section 10851 offense, *People v. Garza* (2005) 35 Cal.4th 866, involved a dual-conviction issue, namely, "whether dual convictions under Vehicle Code section 10851 and Penal Code section 496, subdivision (a) (receiving stolen property) violated the statutory rule against convicting a person for both stealing and receiving the same property." (*Page, supra*, 3 Cal.5th at p. 1183.) As explained in *Page*, the answer to the dual-conviction question depends on whether the person had been convicted of the theft or the nontheft version of the Vehicle Code section 10851 offense. (*Page, supra*, at p. 1183, citing *People v. Garza, supra*, at p. 871.)

version of the offense of mail theft (§ 530.5(e)) does *not* always require more than the elements of the new petty theft offense created by Proposition 47 (§ 490.2). With regard to identity theft, the Supreme Court noted that unlawfully using personal identifying information (§ 530.5, subd. (a)) "is not a theft offense because criminal liability pivots on how the information was used rather than how it was acquired." (*Jimenez*, *supra*, 9 Cal.5th at p. 59.) The theft version of the section 530.5(e) offense, by contrast, turns precisely on how the item of mail is acquired—that is, whether the defendant "steals, takes, or abstracts" it—and not on the use he or she makes of it.

The Attorney General also argues that "[t]he theft of mail, like the fraudulent possession and unauthorized use of personal identifying information, has serious implications wholly apart from the monetary value of the [misappropriated] mail," as mail theft can "give a defendant unauthorized access to personal and confidential medical records or personal information that could be used to ruin someone's credit score [by way of] crimes that can have long-lasting or even irreparable effects." While we do not question such concerns, in *People v. Romanowski* (2017) 2 Cal.5th 903, the Supreme Court held that section 490.2 reduces to a misdemeanor the acquisition or possession of another's access card account information, despite "the broad consumer protection" objective underlying the greater offense of section 484e; that objective was no reason to disregard the limitation imposed by Proposition 47. (*Id.* at pp. 913–914.) The same analysis applies here.

We thus reject the Attorney General's argument that, under the reasoning of *Jimenez*, *supra*, 9 Cal.5th 53, Proposition 47 can never apply to a conviction under section 530.5(e). Because the Attorney General has not contested defendant's showing that her conviction under section 530.5(e) was for the theft version of that offense, that conviction must be redesignated a misdemeanor petty theft conviction under section 490.2.

## Disposition

Defendant's conviction under count 8 is reduced to a misdemeanor for the violation of section 459.5. Defendant's conviction under count 5 is redesignated a misdemeanor for the violation of section 490.2, subdivision (a). Defendant's convictions under counts 1, 2, 3, 6, and 7 are affirmed. The matter is remanded to the trial court for resentencing.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
BROWN, J.

| | |
|---|---|
| Trial court: | Contra Costa County Superior Court |
| Trial judge: | Honorable Barry Baskin |
| Counsel for defendant and appellant: | James S. Donnelly-Saalfield, under appointment by the Court of Appeal |
| Counsel for plaintiff and respondent: | Xavier Becerra, Attorney General<br>Lance E. Winters, Chief Assistance Attorney General<br>Jeffrey M. Laurence, Senior Assistant Attorney General<br>Seth K. Schalit, Deputy Attorney General<br>Lisa Ashley Ott, Deputy Attorney General |