UNITED STATES of America, Plaintiff-Appellee,

v.

Benjamin Allen BRANCH, Defendant-Appellant.

No. 72–2982.

United States Court of Appeals, Ninth Circuit.

July 17, 1973.

H. W. Bailey (argued), Fresno, Cal., for defendant-appellant.

Thomas T. Couris, Asst. U. S. Atty. (argued), Dwayne Keyes, U. S. Atty., Fresno, Cal., for plaintiff-appellee.

Before MERRILL and BROWNING, Circuit Judges, and BATTIN,* District Judge.

* Honorable James F. Battin, United States District Judge, District of Montana, sitting by designation.

PER CURIAM:

Branch appeals his conviction for possession of marihuana in violation of 21 U.S.C. § 844, a misdemeanor under federal laws. Because of a tip from a reliable informer that appellant possessed "a certain quantity of marihuana or hashish" in his car and had just "'smoked a joint' . . . with another person [the informer]," he was stopped by rangers upon entering Yosemite National Park. Both his vehicle and person were searched, the latter yielding the marihuana.

The only substantial issue raised contests the legality of the warrantless arrest of Branch. The argument seeks to distinguish an arrest and search for a suspected misdemeanor from an arrest and search for a suspected felony. According to this argument, the informer's tip was ambiguous as to whether, under federal law, appellant was committing a felony (possession of marihuana or hashish with intent to distribute, 21 U. S.C. § 841), or a misdemeanor (simple possession, 21 U.S.C. § 844). Turning to the state law of warrantless arrests, see United States v. DiRe, 332 U.S. 581, 589, 68 S.Ct. 222, 92 L.Ed. 210 (1948), appellant construes section 836 of the California Penal Code as authorizing a peace officer to make a warrantless "felony" arrest "[w]henever he has reasonable cause to believe that the person to be arrested has committed a felony." Cal.Penal Code § 836(3), but to authorize him to make a "misdemeanor" arrest only when he has "reasonable cause" to believe the offense is being committed "in his presence," id. § 836(1). Appellant further contends that "reasonable cause" under this latter section must be based on the officer's personal knowledge and cannot rest on a third-party tip. See, e. g., 5 Cal.Jur.2d, Arrest § 25, at 226 (Rev.1967); 5 Am. Jur.2d, Arrest § 31 at 721 (1962); id. § 32, at 723. From these premises appellant concludes that section 836(3) was unavailable to the arresting officers because they had no reason to believe ap-

pellant's crime was any more than a misdemeanor, and section 836(1) was unavailable because their "reasonable cause" was based on information from others and not personal knowledge. Hence the arrest and subsequent search were unlawful.

■ Assuming appellant is correct in his premises that section 836 is applicable, and that, for purposes of that section, 21 U.S.C. § 841 defines a "felony" while 21 U.S.C. § 844 defines only a "misdemeanor," we nonetheless do not agree with his conclusion that the arrest was invalid under section 836(3).

Even if the information received by the officer as to the quantity of controlled substance involved was not sufficient to support an inference of distribution or intent to distribute, the additional information that appellant had "'smoked a joint' . . . with another person [the informer]" was. That information brought appellant's conduct within the "distribution" ban of 21 U.S. C. § 841(a). See 21 U.S.C. § 802(11).

■ It was possible that appellant's conduct might eventually be found to have been only a misdemeanor in view of subsection (b)(4) of 21 U.S.C. § 841. According to that subsection, "any person who violates subsection (a) of this section by distributing a small amount of marihuana for no remuneration shall be treated as provided in subsections (a) and (b) of section 844 of this title." Thus, if it turned out that appellant had "distributed" only this one illegal cigarette, that it contained no controlled substance other than marihuana and marihuana derivatives, that appellant had not intended to distribute any more marihuana, and that he had not been paid, it might eventually appear that he had not "committed a felony" within the meaning of California Penal Code § 836(3). But the possibility of subsection (b)(4)'s applicability was one of mitigation only. At least absent some affirmative reason apparent at the time of arrest to believe that subsection

(b)(4) would apply to appellant's "distributional" activities, the rangers were entitled to treat him under 21 U.S.C. § 841.

Affirmed.