UNITED STATES, Appellee,

v.

Mark A. WEBEL, Private First Class,
U.S. Marine Corps, Appellant.

No. 43940.

NMCM 82–0180.

U. S. Court of Military Appeals.

July 11, 1983.

For Appellant: *Lieutenant Commander Richard K. Delmar,* JAGC, USNR, and *Lieutenant Commander William A. DeCicco,* JAGC, USN (on brief).

For Appellee: *Commander W.J. Hughes,* JAGC, USN, and *Lieutenant Commander Michael R. McGuire,* JAGC, USN (on brief).

*Opinion of the Court*

PER CURIAM:

Appellant was tried by a general court-martial with members and, upon mixed pleas, was convicted of assault consummated by a battery, assault in which grievous bodily harm was intentionally inflicted, and burglary, in violation of Articles 128 and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 929, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for 2 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results and the United States Navy-Marine Corps Court of Military Review affirmed.

In this Court appellant complains that the military judge's answer to a question posed by the president of the court in the course of the court's deliberations on sentence effectively precluded the full and free exercise of the court's discretion as to the forfeiture of pay and allowances imposed as a part of appellant's sentence. 14 M.J. 214 (1982). We disagree.

As part of his routine instructions to the court members about their responsibility and authority in determining an appropriate sentence for appellant, the military judge admonished "that you are alone responsible for determining within the limits prescribed by law, the appropriate sentence in this case" and that "[t]he court, in arriving at its determination, should select based upon the evidence presented in this case and your own experience and general knowledge, the kind and amount of punishment which would best serve the ends of good order and discipline in the Marine Corps, the welfare of society and the needs of this accused." Thereafter, the members took a short recess and then began their deliberations on sentence. Forty minutes later the members returned to the courtroom and the president posed this question to the judge:

PRES (Lieutenant Colonel COLLY): Yes, sir. Our question centers around forfeitures and the types of forfeitures and the extent of which those forfeitures can be included into the sentence and specifically we're concerned with the total amount and the length and any restrictions as it relates to those forfeitures.

The military judge responded:

MJ: The members have the authority to award forfeitures or the length—the same length of time as the confinement at hard labor. Normally, however, what is done at a general court-martial is, if there is a lengthy period and a punitive discharge—lengthy period of confinement and punitive discharge—forfeiture of all pay and allowances without any limit on it, which means it carries on until the discharge of the accused; that is, punitive discharge. In other words, lengthy

confinement, punitive discharge is part of the sentence. It's common to have simply a forfeiture of all pay and allowances. However, you have it within your authority to make it whatever you want and particularly if you had in your mind that the accused would return to duty some day. Perhaps the length of confinement is not that long. If, for example, confinement at hard labor for six months, it would not make much sense to give a forfeiture of $100.00 pay per month for 15 years, nonsensical kind of things although it's within your authority. You have it within your authority to have a total forfeiture of pay which is as a E–1, $501.30; E–2, $558.60, whatever it is. So you could express it in that form or any amount less than that. You can express forfeiture of just pay and not allowances. Sometimes, that comes into play where there's family or something that you're concerned about, privileges continuing for dependents. There is nothing wrong legally and technically with forfeitures that end before confinement or confinement that ends before forfeitures. In other words, confinement at hard labor for six months, forfeiture of $300.00 pay per month for 12 months; obviously there being a period of time where a person is out of confinement receiving less pay. You have it within your authority to do any of these things, and it's simply a matter of deciding among yourselves what is appropriate and what makes good sense.

After the military judge answered another question not relevant to this appeal, the members excused themselves to deliberate further. Fifty minutes later, they returned and announced the sentence. At no time did either counsel object to the judge's answer to the court's question, even though the judge expressly solicited their comments thereon.

The substance of appellant's attack on the judge's answer is two-fold: First, that the judge erroneously tied total forfeitures of pay and allowances either to a punitive discharge or a lengthy period of confine-

ment; and second, that by purporting to relate what "[n]ormally" is done, or what is "common," when either a punitive discharge or lengthy confinement is awarded, the military judge failed in his responsibility under paragraph 76*b*(1) of the Manual [1] to tailor his instructions to the court and to impress upon the court its responsibility to individualize the sentence.

In *United States v. Varnadore,* 9 U.S.C. M.A. 471, 26 C.M.R. 251 (1958), this Court held that a Manual provision linking a punitive discharge to a lengthy period of confinement contravened the intent of Congress implicit in Article 66 of the Code, 10 U.S.C. § 866, which provides for automatic appellate review of any case in which *either* a punitive discharge *or* confinement for one year or more is adjudged. The Court concluded that, in enacting this article, Congress anticipated that in a given case one or the other of these punishments might appropriately be adjudged. Therefore, any effort in the Manual to link the two and prevent either from being imposed separately was illegal.

Since Article 66 does not contain any reference to forfeitures, the premise on which *Varnadore* rested is lacking in this case. Moreover, appellant has not argued that any attempt in the Manual to tie total forfeitures to either a punitive discharge or lengthy confinement would contravene any other provision of the Code. However, no one has suggested that the current Manual contains any such provision. Accordingly, we need not decide whether the President would be free to adopt a Manual provision requiring total forfeitures if a punitive discharge or lengthy confinement is adjudged.[2]

■ In any event, we do not construe the instructions here to require any connection between total forfeitures and other parts of a sentence. While, unfortunately, the judge did advise the members that such a connection was "common" and "[n]ormally" existed in the sentence of a general court-martial, the remainder of his instructions offset the implication feared by appellant. The judge clearly and forcefully made the point that it was entirely the court's responsibility to arrive at an appropriate mix of sentence elements and that all the circumstances should be considered in adjudging a sentence which, as to Webel, would be "appropriate and . . . makes good sense."

■ This same observation rebuts appellant's contention that the instructions were not adequately tailored to convey to the members the obligation to individualize their sentence. Quite to the contrary, a reading of the whole of these instructions convinces us that the military judge exercised considerable care to charge the members with the need to impose a sentence which would be appropriate under the circumstances of the case before them.

■ Finally, as we noted earlier, defense counsel offered no objection to the military judge's response to the court's question, so any appellate objection thereto is waived. *See United States v. Salley,* 9 M.J. 189 (C.M.A.1980). Appellant seeks to avoid this result by urging that "this . . . Court has . . . refused to apply waiver if the error is so plain that waiver would not be invoked." However, the Government correctly responds:

> Plain error is not the equivalent of obvious error. Rather, ". . . plain error is only found in exceptional circumstances where the reviewing court finds that reversal is necessary to preserve the integrity and reputation of the judicial process, or to prevent a miscarriage of justice (citation omitted)". *United States v. Sims,* 617 F.2d 1371, 1377 (9th Cir.1980).

Even the cases cited by appellant, *United States v. Lell,* 16 U.S.C.M.A. 161, 36 C.M.R. 317 (1966), and *United States v. Stephen,* 15 U.S.C.M.A. 314, 35 C.M.R. 286 (1965)—the

---

1. Manual for Courts-Martial, United States, 1969 (Revised edition). *See also* para. 73*c* of this Manual, admonishing judges "not [to] depart from the role of an impartial judge, or assume the role of a partisan advocate."

2. Of course, as the military judge here implied, any requirement that forfeiture of all pay and allowances be linked to another sentence element might produce results in a given case which the sentencing authority might want to avoid.

former relying entirely on the rationale and authority cited in the latter—are fully consistent with our reluctance to consider on appeal instructional errors which were not the subject of trial objection. In short, we do not believe that the military judge's response to the president's question rises to the level of plain error under the circumstances of this case.

Accordingly, the decision of the United States Navy-Marine Corps Court of Military Review is affirmed.