UNITED STATES, Appellee,

v.

Specialist Four Peter Y. GOETZ, SSN 545–35–8810, United States Army, Appellant.

CM 443844.

U.S. Army Court of Military Review.

22 Dec. 1983.

Captain Patrick J. Cunningham, JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Lieutenant Colonel Thomas M. Curtis, JAGC.

Before SU-BROWN, BADAMI and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

BADAMI, Judge:

In accordance with his pleas before a court-martial composed of officer members, appellant was convicted of the transfer of one-half gram of cocaine on 3 September 1982, the distribution of one-half gram of cocaine on 29 October 1982, and the distribution of one gram of cocaine on 30 November 1982. He was sentenced to a bad-conduct discharge, confinement at hard labor for eighteen months, total forfeitures and reduction to Private E–1. The convening authority approved the sentence.

After the court members received proper sentencing instructions from the military judge, the court was closed for deliberation. When the court reopened, a court member asked the military judge: "Is there such a thing as a General Discharge in this case?" The military judge's response follows:

MJ: A Court-Martial cannot adjudge a General Discharge. What you can do is this. If you otherwise determine that a discharge, either a Dishonorable or a Bad Conduct Discharge, is appropriate, but you must feel that it is appropriate in the first place, if you feel it is appropriate but you would none-the-less have no objections to having it administratively changed to a General Discharge by the Convening Authority, you can recommend that the discharge be changed to a General Discharge and how you do that is on the sentence worksheet, take the number of people who are in favor of upgrading any discharge to general or honorable, put down the number in favor and if the number in favor is a majority, put down the names of those that dissent.

Captain Jesse W. Bendahan, JAGC, argued the cause for the appellant. With him on the brief were Colonel William G. Eckhardt, JAGC, Colonel R. Rex Brookshire II, JAGC, Captain Bernard P. Ingold, JAGC, and Captain Thomas J. Feeney, JAGC.

If the number in favor is a minority, say three or fewer, put down the names of those that recommend it. Do you follow that?

PRES: Yes.

MJ: Let me caution you about that. You must feel in your own mind that a Bad Conduct Discharge or a Dishonorable Discharge is in and of itself appropriate, before you could make any recommendations to possibly have it upgraded. The sentence cannot become appropriate only by upgrading the discharge. Do you understand that? Apparently so, and you can only make a recommendation to the Convening Authority. He is not bound by your recommendation. It is only a recommendation. He need not accept it.

The defense counsel did not object to the instruction. The court was again closed for deliberation. After the court was reopened and the sentence announced, the president of the court stated: "The following three members in minority recommended upgrade of the discharge upon review: LTC Murphy, CPT Hackard and CW4 Brenner."

Appellant now contends for the first time that the military judge's instruction was in error and that the recommendation by the court members impeached the sentence. We disagree.

 Before a court-martial closes to deliberate and vote on the sentence, the military judge has the affirmative duty to give appropriate instructions as to sentencing which are tailored to the facts and circumstances of the case. Paragraph 76b, Manual for Courts-Martial, United States, 1969 (Revised edition) [hereinafter cited as MCM 1969 (Rev)]. It is the responsibility of a court-martial to follow those instructions and to adjudge a sentence that is fair and just, without reliance upon possible post-trial clemency. See United States v. Cavallaro, 3 U.S.C.M.A. 653, 14 C.M.R. 71 (1954); United States v. McLaurin, 9 M.J. 855, 858 (A.F.C.M.R.1980), pet. denied, 10 M.J. 113 (C.M.A.1980). A clemency recommendation contemporaneously made with the sentence may indicate that the court members did not understand the full scope of their sentencing powers. United States v. Kaylor, 10 U.S.C.M.A. 139, 27 C.M.R. 213 (1959). However, there is no reason to question either the sentence or the recommendation for clemency if the record of trial shows that the court members understood the relationship between the two. United States v. Turner, 14 U.S.C.M.A. 435, 34 C.M.R. 215 (1964). In this case, the record of trial reveals that the court members were not acting under a misunderstanding of their role as a sentencing body. The military judge instructed the members that they "must not adjudge an excessive sentence in reliance upon possible mitigating action by the convening or higher authority." He further cautioned the members only to adjudge a punitive discharge if they felt it was appropriate in and of itself. We are satisfied that the court members understood that a recommendation for clemency would not be binding upon the convening authority and further, that they believed the adjudged sentence to be appropriate in and of itself. See United States v. Turner, supra; United States v. McLaurin, supra at 858, n. 5.

 Furthermore, the failure of the defense counsel to object at trial waives any instructional error upon appeal unless it is plain error. Appellant urges that the military judge committed plain error when he implied that the convening authority could administratively change a punitive discharge into a general discharge. However, plain error is only found under exceptional circumstances where an appellate court finds it necessary to preserve the integrity and reputation of the judicial process, or to prevent a miscarriage of justice. See United States v. Webel, 16 M.J. 64 (C.M.A.1983). We note that the military judge's instruction was in error. The convening authority in review of a court-martial sentence, may change the nature of the punishment adjudged by the court-martial might not itself have legally adjudged in the case. Paragraph 88c, MCM 1969 (Rev). A court-martial may not adjudge an administrative separation from the service. Paragraph 126a,

MCM 1969 (Rev). Since the convening authority did not have the power to administratively change a punitive discharge to an administrative discharge in the review of the court-martial, the military judge's advice to the court members was incorrect and misleading. Additionally, these instructions were an unwarranted departure from the guidance provided in paragraph 2–49, Military Judge's Benchbook, DA Pamp. 27–9, May 1983. But in testing for prejudice, we conclude that it was not necessary for the court members to understand the administrative process by which the convening authority could mitigate the sentence. It *was* essential that the court members understood their duty to adjudge a sentence that was fair and just, standing alone, without reliance upon possible mitigating post-trial action. We are convinced that the court members did understand their duty as a sentencing body. The military judge's instruction does not approach the level of plain error.

■ Appellant also challenges the appropriateness of the sentence. We note that the adjudged sentence is more lenient than his pretrial agreement. Our review of the record of trial leads us to conclude that the adjudged sentence is both fair and appropriate.

The findings of guilty and the sentence are affirmed.

Judge SU-BROWN and Judge WERNER concur.