UNITED STATES, Appellee,

v.

Sergeant First Class John R. SORRELL,
578–58–7860, United States
Army, Appellant.

CM 446190.

U.S. Army Court of Military Review.

23 May 1985.

Captain H. Alan Pell, JAGC, argued the cause for the appellant. With him on the brief were Lieutenant Colonel Paul J. Luedtke, JAGC, and Captain Rita R. Carroll, JAGC.

Captain Frederick A. Johnson, JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, and Major Larry D. Williams, JAGC.

Before WOLD, FELDER and NAUGHTON, Appellate Military Judges.

OPINION OF THE COURT

NAUGHTON, Judge.

Contrary to his pleas, appellant was convicted of the distribution of various controlled substances in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter cited as UCMJ], and pursuant to his pleas, appellant was convicted of various offenses in violation of Articles 92, 111, and 123, UCMJ, 10 U.S.C. §§ 892, 911, and 923 (1982). Appellant's approved sentence included a dishonorable discharge, confinement at hard labor for four years, forfeiture of all pay and allowances for five years, and reduction to the lowest enlisted grade.

All of the charged offenses derive from an automobile accident appellant suffered in Germany while he was preparing for a permanent change of station. The accident occurred after appellant "cleared" Kreuzberg Kaserne and drove a rented sedan off post loaded with numerous boxes containing his personal property. Driving under the influence of barbiturates and marijuana, appellant recklessly lost control of his vehicle, crossed into the opposing lane of traffic, and struck an oncoming vehicle

head on. Appellant sustained minor injuries. However, the driver of the oncoming vehicle was seriously injured. Appellant remained at the accident scene with the injured driver until an ambulance arrived.

Appellant was trying to decide how to secure his belongings inside his wrecked rental car when two German Nationals stopped their vehicles to render assistance. The two men offered to load appellant's belongings in their own cars and deliver them to Kreuzberg Kaserne. Appellant quickly accepted and gave the Germans the name and telephone number of a friend who worked at the Kaserne who would accept the belongings and safeguard them. The Germans told appellant they would take his property to the military police (MP) station at Kreuzberg Kaserne, where they would try to contact appellant's friend. Appellant agreed. Appellant was subsequently taken to a hospital for an examination while the two Germans loaded his belongings into their two cars, drove to the MP station, and left the belongings with the desk sergeant.

Unable to contact appellant's friend, two military policemen began to inventory appellant's property and discovered within the boxes numerous different controlled substances, smoking devices, marijuana residue, and drug paraphernalia. Investigation at the scene of the accident revealed a smoking device and marijuana seeds in the glove compartment of appellant's car. Appellant was brought to the MP station and searched incident to apprehension, at which time four marijuana cigarettes were found in his pocket.

■ The controlled substances discovered during the inventory of appellant's belongings at the MP station form the basis of seven specifications alleging distribution of the various controlled substances. Appellant contends that the temporary transfer of custody of his personal belongings to the two Germans does not constitute wrongful distribution of the drugs therein, but rather merely wrongful possession on appellant's part, because he did not intend to involve the Germans in drug use. Appellant likens his conduct and the innocent participation of the two Germans to one who places drugs into a bus locker for later recovery. However, the transfer of drugs to unknowing third persons is not like secreting drugs in a physical receptacle for safekeeping. A physical receptable cannot ingest drugs, further distribute them, or be arrested and prosecuted for their possession; people can. Neither does the offense of distribution rest upon the intent of an accused to involve a third party in drug usage. *United States v. Brown,* 19 M.J. 63, 64 (C.M.A.1984). Appellant's argument must accordingly fail.

■ The offense of wrongful distribution of drugs requires the "knowing and intentional distribution of a controlled substance." *United States v. Nelson,* 563 F.2d 928, 931 (8th Cir.1977) citing *United States v. Klugman,* 506 F.2d 1378, 1380 (8th Cir.1974). Paragraph 213g (3), Manual for Courts-Martial, United States, 1969 (Revised edition) defines "distribution" as "deliver[y] to the *possession* of another" (emphasis supplied). *Wrongful* possession, on the other hand, "must be knowing and conscious." *Id.* at para. 213g (2). The intent to perform the act of distribution, *i.e.,* to transfer physical possession of the substance to another, is the *mens rea* of the offense of wrongful distribution. *United States v. Brown,* 19 M.J. at 64. This can be accomplished whether or not the recipient is aware of the presence of the drugs and whether or not the recipient is therefor guilty of *wrongful* possession of the drugs. Thus, the critical element of wrongful distribution is the knowing delivery of illegal drugs to the possession of another. The innocent nature of the recipient's possession is irrelevant to the crime of distribution; it is of consequence only in determining whether the recipient is guilty of the crime of wrongful possession.

In this case, there is conclusive circumstantial evidence of appellant's *mens rea.* Appellant's use of drugs prior to the accident, the presence of marijuana in his pocket, the contraband found in the glove compartment of the rental car, and the wide

assortment of smoking devices, drug paraphernalia and tablets of controlled substances discovered in his belongings clearly demonstrate that appellant's delivery of the drugs was knowing and conscious. *Cf. United States v. Lawrence*, 10 M.J. 752 (A.C.M.R.1981) (intent or purpose may be established by circumstantial evidence). The evidence is thus both factually and legally sufficient to support the verdict.

Appellant also contends, and the government agrees, that Specifications 2, 3, 4, 5, 6, 7, and 8 of Charge IV have been fragmented and should be consolidated. *United States v. Huggins*, 17 M.J. 345 (C.M.A. 1984) (summary disposition); *United States v. Harclerode*, 17 M.J. 981 (A.C.M. R.1984); *United States v. Anglin*, 15 M.J. 1010 (A.C.M.R.1983). We are satisfied that this error did not prejudice appellant as to his sentence. The issues personally raised by appellant have been considered and found to be without merit.

The findings of guilty of Specifications 2, 3, 4, 5, 6, 7, and 8 of Charge IV are consolidated by adding in line seven of Specification 3 after the word "substance" the following words and figures, "one gram, more or less, of marijuana in the hashish form, a Schedule I controlled substance, seven and one-half tablets all containing some amount of Secobarbital and Brallobarbital, a Schedule III controlled substances, three tablets of Flurazepam, a Schedule IV controlled substance, six tablets of Diazepam, a Schedule IV controlled substance, one tablet containing Prazepam, a Schedule IV controlled substance, and 625 seeds of Cannabis Sativa, L. (Marijuana), a Schedule I controlled substance." The finding of guilty of Specification 3 of Charge IV, as amended, is affirmed. The findings of guilty of Specifications 2, 4, 5, 6, 7, and 8 of Charge IV are set aside and those specifications are dismissed. The remaining findings of guilty and the sentence are affirmed.

Senior Judge WOLD and Judge FELDER concur.