UNITED STATES, Appellee,

v.

John R. SORRELL, Sergeant First
Class, U.S. Army, Appellant.

No. 52,765.
CM 446190.

U.S. Court of Military Appeals.

Dec. 1, 1986.

For Appellant: *Colonel Brooks B. La-Grua, Lieutenant Colonel Paul J. Luedtke, Major Edwin D. Selby, Captain H. Alan Pell* (on brief); *Lieutenant Colonel William P. Heaston* and *Major Joel D. Miller.*

For Appellee: *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Lieutenant Colonel Larry D. Williams, Major Robert L. Swann, Captain Richard G. Mann, Jr.* (on brief).

*Opinion of the Court*

COX, Judge:

After mixed pleas, appellant was convicted by a military judge sitting as a general court-martial of violations of Articles 92, 111, 123, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 911, 923, and 934, respectively. The approved sentence includes confinement for 4 years, total forfeitures for 5 years, reduction to E–1, and a dishonorable discharge. The Court of Military Review consolidated [1] the distribution specifications under Article 134 and otherwise affirmed the findings and sentence. 20 M.J. 684 (1985).

We granted review of this issue:

WHETHER THE FINDING OF GUILTY OF DISTRIBUTION OF CONTROLLED SUBSTANCES IS LEGALLY INSUFFICIENT IN THAT THE APPEL-

---

1. When consolidating specifications, the findings of guilty as to those specifications are not affected because they still apply to the portions of the specifications added to the remaining specification, and those specifications are not dismissed. The word "consolidated" is all that is necessary to show what happened to those offenses. *See United States v. Campbell,* 22 M.J. 99 (C.M.A.1986).

LANT DID NOT HAVE THE REQUISITE CRIMINAL INTENT FOR A CONVICTION OF THE OFFENSE.

The evidence on the distribution offenses consisted of a stipulation of fact, which provides in pertinent part: On September 8, 1983, appellant was involved in an automobile accident while driving a rental car in Germany. Two German nationals, both of whom were previously unknown to appellant, stopped to render assistance. As appellant was awaiting an ambulance and had no means of securing his personal belongings in the rental vehicle, the two Germans offered to take his effects to the military police station at Kreuzberg Kaserne. Appellant agreed, asking them to contact a friend, Mrs. Penzak, whom appellant hoped would safeguard the items until he could reclaim them. Without examining the contents, the Germans transported several boxes of appellant's effects to the military police station. When Mrs. Penzak could not be contacted by phone, the military police conducted an inventory of the items in the boxes. The various drugs discovered during the inventory formed the basis of the specifications alleging wrongful distribution of controlled substances.

■ Appellant contends, as he did at trial, that his conduct did not constitute the offense of distribution because he intended to reclaim the drugs without involving others in the use of drugs. The only *mens rea* necessary for wrongful distribution of controlled substances, however, "is the intent to perform the act of distribution." *United States v. Brown,* 19 M.J. 63, 64 (C.M.A.1984). *See United States v. Conley,* 523 F.2d 650 (8th Cir.1975), *cert. denied,* 424 U.S. 920, 96 S.Ct. 1125, 47 L.Ed.2d 327 (1976) (Government must prove that distribution is knowing and intentional).

"Distribute" is defined as:

to deliver to the possession of another. "Deliver" means the actual, constructive, or attempted transfer of an item, whether or not there exists an agency relationship.

Para. 213g (3), Manual for Courts-Martial, United States, 1969 (Revised edition). *See* para. 37c (3), Part IV, Manual for Courts-Martial, United States, 1984.

■ Here, appellant relinquished physical custody and control of the drugs to the Germans, who acted as appellant's agents in the attempted transfer of the drugs to Mrs. Penzak. *See United States v. Zubko,* 18 M.J. 378, 385 (C.M.A.1984). Turning over the drugs for delivery is analogous to sending drugs through the mail, as was done in *State v. McHorse,* 85 N.M. 753, 517 P.2d 75 (App.1973). There, the court concluded that placing drugs in the mail had the effect of turning drugs over to an agent for delivery, thereby constituting constructive transfer.

■ Because the Germans unknowingly acted as drug couriers, their possession was not wrongful. *See United States v. Lampkins,* 4 U.S.C.M.A. 31, 15 C.M.R. 31 (1954). However, their innocent state of mind is not dispositive of appellant's culpability. The Court of Military Review held, and we agree, that the offense of distribution can be accomplished when physical possession is transferred from one person to another, regardless of the knowledge or culpability of the recipient.[2] Because the only intent required to constitute the offense of distribution is the accused's intent to deliver drugs to the possession of another, even to the possession of his agent, the

---

**2.** In *United States v. Earhart,* 14 M.J. 511 (A.F.C. M.R.1982), *aff'd,* 18 M.J. 421 (C.M.A.1984), the court concluded "that criminal culpability on the part of a transferee is *not* an element of the offense of transferring drugs" under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. This was based on the following cogent reasoning:

The public policy that prohibits "transfer" of a drug to another person is not aimed solely at discouraging criminals from providing drugs to one another; rather, it is even more directly aimed at the protection of innocent victims of drug dealers who, without such prohibitions, might frequently not only come into unwitting possession of such illicit and harmful substances, but through unwitting use of the substances might become dependent upon them.

14 M.J. at 516.

state of mind of the recipient is not relevant.

■ The evidence supports the finding that appellant knowingly and voluntarily transferred physical possession of his personal belongings, including the drugs, to the two Germans, in an attempt to have them delivered to Mrs. Penzak. Although he intended to reclaim the items later, a change in ownership or title is not required in order to transfer possession. *Cf. United States v. Blair*, 10 U.S.C.M.A. 161, 27 C.M.R. 235 (1959) (passing marihuana cigarette back and forth for smoking sufficient change of possession to constitute transfer of marihuana under 26 U.S.C. § 4761); *United States v. Branch*, 483 F.2d 955 (9th Cir.1973) (smoking marihuana cigarette with another person constitutes distribution under 21 U.S.C. § 841(a)); *United States v. Pool*, 660 F.2d 547, 561 (5th Cir. 1981) (distribution may include transfer "from one conspirator to another").

Appellant argues that the distribution offense, with its harsher penalties, was meant to apply to those involving others in the use of drugs, not to one with his limited culpability. That appellant may not have intended others to use the drugs would be a matter in mitigation for consideration of the sentencing authority, but it does not negate his intent to distribute.

The decision of the United States Army Court of Military Review is affirmed.

Judge SULLIVAN did not participate.

EVERETT, Chief Judge (concurring):

Appellant was convicted of "distribution" of drugs in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. According to the Manual for Courts-Martial, United States, 1969 (Revised edition), " 'Distribute' means to deliver to the *possession of another*." Para. 213*g* (3) (emphasis added). Thus, appellant could not be properly convicted of "distribution" unless the two Germans who took

his effects to Kreuzberg Kaserne had "possession" of the drugs.

In defining the term "possess," the Manual for Courts-Martial states, *"Possession must be knowing and conscious."* Para. 213*g* (2) (emphasis added). What is the meaning of this requirement? "Knowledge" may have several possible meanings. *Cf. United States v. Greenwood*, 6 U.S.C. M.A. 209, 19 C.M.R. 335 (1955). (1) Someone may "know" that the powder he holds in his hand is cocaine, but not "know" that it is a controlled substance. (2) He may "know" that he has a powder in his hand but not "know" that it is cocaine. (3) He may "know" that he holds a box in his hand but not "know" anything about its contents.

As I interpret the Manual requirement that possession be "knowing and conscious," it suffices for the person allegedly in possession to "know" that he has a particular physical object in his control, regardless of what he knows or suspects as to its legality, nature, or contents. Thus, the two Germans were in possession of the drugs within the meaning of paragraph 213 g (2) of the Manual. Of course, their possession was not wrongful because they were unaware of the physical presence of the drugs. *Cf. United States v. Greenwood, supra; United States v. Hughes*, 5 U.S.C.M.A. 374, 17 C.M.R. 374 (1954). However, delivery of the drugs to their possession by appellant was wrongful and constituted "distribution."

If appellant had covertly placed his drugs in the Germans' car without their being aware of his doing so, I doubt that the requirement of knowledge in paragraph 213 g (2) would have been met. However, that is not this case. Here the two Germans consciously became bailees of boxes containing appellant's property; and their ignorance of the contents of the boxes was immaterial in determining his guilt of distribution.