UNITED STATES, Appellee,

v.

Billy R. HASTON, Sergeant Major U.S. Army, Appellant.

No. 54,162.

CM 446165.

U.S. Court of Military Appeals.

July 27, 1987.

For Appellant: *Luther C. West, Esq.* and *Captain Richard J. Anderson* (on brief).

For Appellee: *Colonel Norman C. Cooper, Lieutenant Colonel Larry D. Williams, Major Thomas E. Booth, Major Byron J. Braun* (on brief); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Captain John F. Burnette.*

PER CURIAM:

Contrary to his pleas, appellant was convicted by general court-martial of six specifications of committing lewd acts on females under the age of 16, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. On review below, the Court of Military Review consolidated several specifications but affirmed the sentence approved by the convening authority. *United States v. Haston,* 21 M.J. 559 (A.C. M.R. 1985).[1]

We granted appellant's petition for review to consider whether the procedures used to refresh the recollection of one victim violated appellant's substantial rights.[2] Finding no harm to those rights, we affirm.

Charges were preferred against appellant following allegations of sexual misconduct (indecent exposure, etc.) with a number of preteen German girls. The witnesses were not generally familiar with the English language and testified through an interpreter. One witness, Manuella Z, told of a number of instances during which appellant had exposed himself, but she was unable to recall many of the details of the incidents. Consequently, trial counsel suggested that Manuella be allowed to refresh her memory by having the interpreter translate the transcript of her Article 32[3] testimony from English into German.[4]

In a bench conference called to discuss the matter, the military judge took note of the hour, suggested a lunch recess would be appropriate, and then recommended that refreshing Manuella's memory could take place in trial counsel's office during the break. Individual defense counsel was invited to be present during this refreshing, but declined; he specifically stated he had no objection to the procedure. When trial resumed, Manuella was able to provide the court members with specific details about appellant's behavior.

The proper method to be used to refresh the recollection of a witness is well-established. Counsel must establish that the witness has little or no memory of the events to which she is testifying. The witness should then be asked if there is anything which would assist her in her testimony.[5] The object or document should then be marked as an exhibit and shown to the witness who will be allowed to peruse it. Upon the witness' declaration that her memory has been refreshed, her testimony resumes without further reference to the material used. A party opponent is entitled to a copy of the document at that time. Mil.R.Evid. 612, Manual for Courts-Martial, United States, 1969 (Revised edition).

Before us, appellant argues that since Mil.R.Evid. 612 provides only for refreshing a witness' memory "while testifying" or "before testifying," the procedure followed in this case was error. Several observations are germane. The first is that there was no objection to this procedure at trial; therefore, appellant is enti-

---

1. The members sentenced appellant to be confined for 5 years, to forfeit $596.00 pay per month for 60 months, to be reduced to the lowest enlisted grade, and to be discharged with a dishonorable discharge. The convening authority reduced the term of confinement to 3 years and the forfeitures to $400.00 pay per month for 36 months; however, he approved the discharge and reduction as adjudged. *See United States v. Sorrell,* 23 M.J. 122 n.1 (C.M.A. 1986).

2. The issue granted was:

   WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF AP-PELLANT WHEN HE INSTRUCTED TRIAL COUNSEL TO REFRESH MANUELLA [Z]'s TESTIMONY OUTSIDE THE PRESENCE OF THE PANEL MEMBERS.

3. Uniform Code of Military Justice, 10 U.S.C. § 832.

4. That statement had been recorded in English only.

5. There is no need for the object or statement used to be directly related to the case at bar so long as it refreshes the witness' recollection.

tled to relief only if plain error has occurred. *United States v. Young,* 470 U.S. 1, 15–17, 105 S.Ct. 1038, 1046–48, 84 L.Ed.2d 1 (1985); *United States v. Fisher,* 21 M.J. 327 (C.M.A. 1986); *cf. United States v. Webel,* 16 M.J. 64 (C.M.A. 1983). Reversal is required only where the error is real, substantial, or has resulted in a miscarriage of justice.

■ Evaluating the circumstances of this case, we cannot say that error has been committed, let alone plain error. Appellant's argument concerning Mil.R.Evid. 612 is without merit. That rule is designed to regulate discovery of documents. An accused's only remedy thereunder is production of the document used to refresh the recollection of the witness. It is not an exclusive catalogue of instances under which a witness' recollection may be refreshed.

■ Second, appellant contends that his right of confrontation under the Sixth Amendment has been violated. This argument is not well-taken. Appellant's counsel had more than adequate opportunity to confront the witness; he simply elected not to do so. He could have cross-examined Manuella on the contents of the statement to elicit whatever impeaching matters it contained. He was also privileged to point out to the members the fact that her memory had been refreshed by the document.

■ In view of the foregoing, plain error was not created by either civilian counsel's failure to request that the witness' recollection be refreshed in the presence of the court members or that the statement used to refresh her memory be entered into evidence.

The decision of the United States Army Court of Military Review is affirmed.