70 F.3d 1273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald Lynn CAMPBELL, Defendant-Appellant.
 No. 95-5191.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1995.
 
 Before: MERRITT, Chief Circuit Judge; KENNEDY, Circuit Judge and JOINER, Senior District Judge*
 MERRITT, Chief Judge.
 
 
 1
 The defendant, who intended to exchange "crack" for sex with Sybil, a "Skeezer" (a woman who exchanges sex for crack), appeals his conviction for distribution of cocaine base, commonly known as "crack," as well as the district court's denial of a downward adjustment for acceptance of responsibility. Because the court finds that neither issue warrants reversal, the judgement of the district court is affirmed.
 
 
 2
 Mr. Campbell appeals his conviction of distribution of cocaine base on the ground that the exchange of crack for sex is not "distribution" under 21 U.S.C. Sec. 841, but rather is "joint" use for personal enjoyment and hence only "possession."
 
 
 3
 Under 21 U.S.C. Sec. 841(a)(1) it is an offense for a person to distribute a controlled substance. An exchange of money is not a required element of the offense. United States v. Vincent, 20 F.3d 229, 233 (6th Cir.1994); United States v. Coady, 809 F.2d 119, 124 (1st Cir.1987). All that is required is a transfer of the drugs from one person to another person.
 
 
 4
 Apparently no court has reviewed the narrow issue of whether exchanging crack cocaine for sex constitutes distribution under 21 U.S.C. Sec. 841(a)(1), although the Ninth Circuit has held that if one person acquires a controlled substance and passes it to another person for their own personal use, this can still be considered distribution. United States v. Branch, 483 F.2d 955 (9th Cir.1973). The defense attempts to characterize the possession of the 1.6g as joint, between the defendant and the "Skeezer," in order to try to make the case fall within the confines of United States v. Swiderski, 548 F.2d 445 (2d. Cir.1977). In Swiderski, the court held: "where two individuals simultaneously and jointly acquire possession of a drug for their own use, intending only to share it together, their only crime is personal drug abuse...." Id. at 450.
 
 
 5
 Here, the defendant testified that Sybil asked him to get her "some rocks," J.A. at 86. The defendant admitted that after his discussion with Sybil, he was planning on buying cocaine, taking it over to her house, smoking it, and using it to get sex in exchange. J.A. at 92. He acquired the cocaine base for which he was charged for that purpose. Although this court has never accepted the theory of Swiderski, the facts of this case go far beyond what the Swiderski court held. Here there was no joint purchase or procurement; here there is ample evidence of procurement of drugs in exchange for sex.
 
 
 6
 Because the defendant volunteered the information that he was intending to exchange the cocaine base for sex, and because this falls within the statutory definition of distribution, the court's jury instruction on distribution and the defendant's conviction for distributing cocaine base are proper.
 
 
 7
 The defendant also appeals the district court's denial of a reduction based on acceptance of responsibility.
 
 
 8
 The District Court's findings of fact on acceptance of responsibility are reviewed under the "clearly erroneous" standard. United States v. Hamilton, 929 F.2d 1126, 1130 (6th Cir.1991). "Because the trial court's assessment of a defendant's contrition will depend heavily on credibility assessments, the 'clearly erroneous' standard will nearly always sustain the judgment of the district court.... [T]he determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989).
 
 
 9
 The defendant argues that he is entitled to an adjustment for acceptance of responsibility under U.S.S.G. Sec. 3E1.1, Application Note 2, which says that "[t]his adjustment," that is the adjustment for acceptance of responsibility, "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential elements of guilt, is convicted, and only then admits guilt and expresses remorse." The court below stated:
 
 
 10
 The defense, I do not believe was a legal defense. He basically tried to say that the crack wasn't his and then he said it was mere possession, personal use. And then he got hung up on this Skeezer thing ... The defendant has the burden of showing acceptance of responsibility. I do not believe that that burden has been met in this case, and, so, I respectfully find that the defendant has not accepted responsibility.
 
 
 11
 J.A. at 209-10.
 
 
 12
 The District Court found that a reduction for acceptance of responsibility was not warranted because the defendant had denied that the crack was his when arrested, and because his theory at trial was that he was guilty of simple possession, not distribution. J.A. 209-10. The defendant has the burden of showing acceptance of responsibility. United States v. Phillip, 948 F.2d 241, 252 (6th Cir.1991). The sentencing judge found that the defendant had not met his burden, and that he had not accepted responsibility. Based on the facts developed below, this is not clearly erroneous. The judgment of the District Court is therefore affirmed.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation