# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.R. MCFARLANE, D.A. NORKIN**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**DEANNA M. HAINS**
**INFORMATION SYSTEMS TECHNICIAN THIRD CLASS (E-4), U.S. NAVY**

**NMCCA 201300477**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 17 September 2013.
**Military Judge:** CDR Lewis T. Booker, Jr., JAGC, USN.
**Convening Authority:** Commanding Officer, Naval Base Kitsap, Bremerton, WA.
**Staff Judge Advocate's Recommendation:** LT Ryan Aiken, JAGC, USN.
**For Appellant:** CDR Sabatino F. Leo, JAGC, USN.
**For Appellee:** Mr. Brian K. Keller, Esq.

**31 July 2014**

---
### OPINION OF THE COURT
---

THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to her pleas, of one specification of conspiracy, one specification of making a false official statement, and four specifications of wrongful appropriation, in violation of Articles 81, 107, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 907, and

921. The appellant was sentenced to confinement for three months, a fine of $400.00, and a bad-conduct discharge. The convening authority (CA) approved the adjudged confinement and bad-conduct discharge, but suspended all confinement in excess of 60 days.[1]

The appellant's case was submitted to this court without assignment of error. Upon review, we find that corrective action is necessary, which we will take in our decretal paragraph. Following our corrective action, we conclude that the findings are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.

### Wrongful Appropriation of Multiple Items

Although not raised as error by the appellant, we find that the facts underlying Specifications 3, 4, 5, and 6 of Charge III support only a single specification of wrongful appropriation. While these specifications allege that the appellant wrongfully appropriated P.R.'s property on various dates, the providence inquiry and stipulation of fact make it clear that the appellant wrongfully took each charged item of P.R.'s property from his residence during a single visit on or about 3 July 2013.[2]

The Manual for Courts-Martial specifically provides that "[w]hen a larceny of several articles is committed at substantially the same time and place, it is a single larceny . . . ." MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Part IV, ¶ 46c(1)(h)(ii); *see also United States v. Harris*, 53 M.J. 514,

---

[1] The parties entered a pretrial agreement that would have also required the CA to suspend the bad-conduct discharge. However, the appellant breached this agreement and the CA subsequently withdrew. Thereafter, the parties reached a post-trial agreement in which the appellant waived her right to a RULE FOR COURTS-MARTIAL 1109, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) hearing in exchange for the CA's agreement to disapprove the fine, suspend all confinement in excess of 60 days, and refrain from referring additional charges to trial.

[2] The dates in these specifications appear tied to occasions when the appellant later placed in item in "hock" at a local pawnshop. While the dates might accurately reflect those transactions, we find that the taking for purposes of Article 121, UCMJ, occurred when the appellant deprived the owner, P.R., of his property on or about 3 July 2013.

522 (N.M.Ct.Crim.App. 2000), *aff'd*, 55 M.J. 433 (C.A.A.F. 2001); *United States v. Lepresti*, 52 M.J. 644, 653, (N.M.Ct.Crim.App 1999). Additionally, this court has held that multiple, contemporaneous wrongful appropriations are to be treated in the same manner, notwithstanding the absence of any similar policy guidance pertaining to wrongful appropriation in the Manual for Courts-Martial. *United States v. Benavides*, No. 9901675, 2000 CCA LEXIS 252, unpublished op. (N.M.Ct.Crim.App. 12 Oct 2000). Accordingly, we will provide relief, in the form of consolidation, in our decretal paragraph.

**Conclusion**

Specifications 3, 4, 5, and 6 of Charge III are hereby consolidated into a single Specification to read as follows:

Specification 3: In that Information Systems Technician Third Class Deanna M. Hains, U.S. Navy, Naval Base Kitsap, on active duty, did at or near Silverdale, Washington, on or about 3 July 2013, wrongfully appropriate a Samsung television, two Vizio DVD players, a Vizio television, and a Hewlett Packard printer, of a value of more than $500.00, the property of Aviation Ordnanceman First Class [PR], U.S. Navy.

With this modification, we affirm the findings.[3] Based upon our action on the findings, we have reassessed the sentence under the principles contained in *United States v. Moffeit,* 63 M.J. 40 (C.A.A.F. 2006). We conclude that the adjudged sentence for the remaining offenses would have been at least the same as that adjudged by the military judge and approved by the CA. Accordingly, we affirm the sentence as approved by the CA.

For the Court

R.H. TROIDL
Clerk of Court

---

[3] We need not dismiss those specifications which are incorporated into another specification. *United States v. Sorrell*, 23 M.J. 122, 122 n.1 (C.M.A. 1986).

3