# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2013

Lyle W. Cayce
Clerk

No. 12-30568

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY SIMONS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CR-189

Before DAVIS, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Pursuant to a plea agreement, Appellant Johnny Simons ("Simons") pleaded guilty to possession with intent to distribute five grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). His guideline range was 92 to 115 months of imprisonment. However, the district court imposed an upward variance sentence of 144 months based on a letter he wrote from jail in which he informed his drug cohorts of the identities of undercover agents. Simons now appeals his conviction and sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30568

## I.     INSUFFICIENT FACTUAL BASIS

Simons contends that the factual basis is insufficient to support his guilty plea conviction for aiding and abetting the possession with intent to distribute 5 grams or more of methamphetamine.  21 U.S.C. § 841(a)(1); 18 U.S.C. § 2. Because Simons raises this contention for the first time on appeal, we must review it for plain error.  *United States v. Castro-Trevino*, 464 F.3d 536, 540-41 (5th Cir. 2006) (reviewing claim of insufficient factual basis for plain error).  "An error is plain, in this context, if it is clear or obvious what the Government must prove to establish the offense, and, notwithstanding that clarity, the district court accepts a defendant's guilty plea without an adequate factual basis." *United States v. Alvarado-Casas*, 715 F.3d 945, 951 (5th Cir. 2013) (citation and internal quotation marks omitted).  On the other hand, if a factual basis challenge is not entirely clear under existing precedent or is "subject to reasonable dispute," the district court's acceptance of the guilty plea does not constitute plain error.  *Id.* at 952 (quoting *United States v. Broussard*, 669 F.3d 537, 550-51 (5th Cir. 2012)).

The elements of the offense of possession with intent to distribute are "(1) knowingly (2) possessed contraband (3) with the intent to distribute it." *United States v. Polk*, 56 F.3d 613, 619-20 (5th Cir. 1995); 21 U.S.C. § 841(a)(1). To demonstrate aiding and abetting under 18 U.S.C. § 2, "the government must show that a defendant associated with a criminal venture, purposefully participated in the criminal activity, and sought by his or her actions to make the venture succeed."  *Id.* at 620.

Simons argues that the district court erred in accepting his guilty plea in the absence of evidence proving that he possessed the drugs.  The facts underlying his conviction are undisputed.  At Simons's guilty plea hearing, Trooper Haynes, who was assigned to the DEA Task Force, testified that on

2

No. 12-30568

June 2, 2011, Agent Chris Jordan contacted co-defendant Lauralyn Thompson and arranged to purchase an ounce of methamphetamine from her. However, when Agent Jordan, who was acting undercover, met with Thompson she had no methamphetamine. Thompson then made some phone calls in an attempt to obtain methamphetamine. She reached Simons who told her that "if she would come get him, then they could get it." Ultimately, Simons told Thompson that she could purchase methamphetamine from "Fat Boy," a nickname for Frank Smith, another co-defendant. Simons thereafter called Smith to inquire about methamphetamine for Thompson. Thompson then called Smith, inquiring whether Simons had talked to him, and Smith responded that he had talked to Simons. Thompson informed Smith that "that ounce was for me." Thompson then purchased 9.5 grams of pure methamphetamine from Smith.

Trooper Haynes testified that the phone calls between Thompson and Simons were recorded "on Title III."[1] He further testified that "the telephone calls between Ms. Thompson and Mr. Frank Smith were also on Title III." Trooper Haynes explained that Simons acted as the "go-between" for Thompson and Smith. The court asked Trooper Haynes whether Simons "had his hand on the dope?" Trooper Haynes responded: "On this particular day, no, ma'am, he didn't." The court then asked Simons whether he agreed with the facts recounted by the witness, and Simons stated that he agreed with the testimony.

As previously set forth, Simons argues that the district court erred in accepting his guilty plea because there was no evidence he ever possessed methamphetamine. A defendant "need only aid and abet, however, rather than commit, each element of the crime." *United States v. Cauble*, 706 F.2d 1322,

---

[1] Trooper Haynes was apparently referring to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq., which regulates electronic surveillance.

1339 (5th Cir. 1983). Thus, the factual basis is not insufficient simply because he did not commit the element of possession.

Citing *United States v. Jackson*, 526 F.2d 1236 (5th Cir. 1976), Simons contends that to prove that he aided and abetted possession, the factual basis must "link the defendant to both aspects of the crime, possession and intent to distribute." In that case, Appellant Jackson argued that the evidence was insufficient to sustain his conviction for aiding and abetting possession with intent to distribute cocaine. The evidence at trial proved that Jackson had introduced his co-defendant Bischoff to co-defendant Thurman, which aided in the distribution of the drugs. *Id*. at 1237. This Court explained that Jackson was improperly charged with possession because although the evidence was sufficient to sustain the aiding and abetting charge of distribution, it failed to prove he aided and abetted possession of the cocaine with intent to distribute. *Id*. This Court further explained that although he knowingly assisted in setting up the transaction and intended for the venture to succeed, there was no "evidence that he helped Thurman obtain the cocaine, or that he exercised any control over it" *Id*. at 1238. Here, although Simons knowingly assisted in arranging the purchase, he exercised no control over the methamphetamine. At first blush, this language in *Jackson* appears to provide some support for Simons's position that the factual basis is insufficient to show that he aided and abetted the element of possession.

Subsequently, however, the Eleventh Circuit expounded on this Court's holding in *Jackson*. In *United States v. Bascaro*, 742 F.2d 1335 (11th Cir. 1984), abrogated on other grounds by *United States v. Lewis*, 492 F.3d 1219 (11th Cir. 2007), the Eleventh Circuit explained that this Court found the evidence insufficient to show that Jackson had aided and abetted possession because there was "an absence of evidence that Jackson had helped his co-defendant obtain the cocaine; rather, it was clear that Jackson did not aid or abet his

colleague until after the cocaine had come into the co-defendant's possession." *Bascaro*, 742 F.2d at 1364. In contrast to the scenario in *Jackson*, in *Bascaro*, the evidence proved the appellants' "efforts were directed toward assisting [a co-conspirator] in acquiring" the drugs. *Id.* The Eleventh Circuit held that the "opinion in *Jackson* is thus wholly consistent with our conclusion that [the appellants] were properly convicted of possession under an aiding and abetting theory." *Id.*[2]

In the case at bar, the factual basis demonstrated that co-defendant Thompson did not have methamphetamine when she met with the undercover agent. The factual basis also demonstrated that Simons's actions in calling Smith assisted Thompson in acquiring the methamphetamine. Applying the Eleventh Circuit's interpretation of *Jackson* to the instant case, we conclude that the factual basis is sufficient to show that Simons aided and abetted in possessing with intent to distribute. We recognize that we are not bound by the Eleventh Circuit's interpretation. Nonetheless, assuming we did not find that interpretation wholly persuasive, the district court's acceptance of Simons's guilty plea does not constitute plain error simply because his challenge is "not entirely clear under existing authority." *Alvarado-Casas*, 715 F.3d at 952. Accordingly, Simons has not shown that the district court plainly erred in finding the factual basis sufficient.

---

[2] The Eleventh Circuit had to either follow or distinguish *Jackson* because it is bound by cases decided by the Fifth Circuit prior to the creation of the Eleventh Circuit. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1207 (11th Cir. 1981).

II.    SENTENCING

A.    Criminal History Point Calculation

Simons contends that the district court erred in calculating his criminal history points. Simons did not make this objection before the district court, and thus, this Court reviews it for plain error.

He argues that two of his prior convictions should not have been counted because the sentences in those cases were imposed more than ten years prior to the instant offense conduct. § 4A1.2(e). Those two convictions added 2 points to his criminal history calculation. Relying on paragraph 49 of the presentence report ("PSR"), the Government responds that because Simons's probation was revoked in both of the relevant cases on May 27, 2004, and he was sentenced to five months in jail, the date that he was released in 2004 is the new date to calculate whether the ten-year period had elapsed. § 4A1.2(k)(2). In his reply brief, Simons asserts that paragraph 49 refers to a different offense in which his probation was revoked. He asserts the PSR does not reflect that the sentences in question were ever revoked.

It is not clear from the PSR whether the two convictions should be counted in Simons's criminal history calculation. In any event, if it was error, it was not plain error. If the 2 points for the challenged convictions are excised, he would have a total of 7 instead of 9 criminal history points. Simons's criminal history category was calculated as a IV, and the range for that category is 7-9 points. Thus, his criminal history category would not have changed had the two points been subtracted from the total. The alleged error would not have changed the guideline range, which was 92 to 115 months of imprisonment. The district court imposed a sentence of 144 months, which is an upward variance based on the sentencing factors under 18 U.S.C. § 3553(a), which will be discussed below. An error in a sentencing calculation affects a defendant's substantial rights if there is a reasonable probability that, but for the district court's misapplication

of the guidelines, the defendant would have received a lesser sentence. *United States v. John*, 597 F.3d 263, 285 (5th Cir. 2010). Because the district court could reinstate the same sentence on remand, the alleged error does not constitute plain error. *United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003). Simons has wholly failed to show plain error.

### B.     Minimal Role in the Offense

Simons contends that the district court failed to consider that he played a minimal role in the offense and that he should have received a 4-level decrease in his base offense level pursuant to § 3B1.2. Section 3B1.2 provides that "[i]f the defendant was a minimal participant in any criminal activity, decrease by 4 levels." Simons now asserts that he argued at his sentencing hearing that he was a minimal participant and the Government "agreed and the sentencing court so found. However, no decrease in the offense level was applied. A role in the offense adjustment of 4 would result in a level of 22 and a guideline range of 63-78 month[s]." That is the extent of Simons's briefing. He failed to cite any authority or to the record, much less provide legal analysis, and therefore, he has abandoned this issue. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).[3]

---

[3] In any event, even if the issue is not abandoned, his briefing does not paint a correct picture of the record. Counsel did not file any written objections to the PSR with respect to the lack of a § 3B1.2 decrease based on his minimal role in the offense. Moreover, at the sentencing hearing, the district court asked both attorneys whether they "agree[d] that that is a proper calculation of the guideline range in this case?" Both the Government and Simons's counsel responded affirmatively. Thus, Simons must show plain error.

Defense counsel did refer to Simons's minimal involvement in the offense; however, it was in the context of arguing that "his initial involvement was so minimal that we don't believe [an upward] variance is in order." The Government responded by stating that defense counsel was "correct about the minimal nature" of Simons's involvement. Subsequently, the district court noted that Simons "did have a minimal role in this overall conspiracy."

In *United States v. Fierro,* 38 F.3d 761 (5th Cir. 1994), the Appellant argued that the district court erred in not considering a downward adjustment based on his minor or minimal role in the conspiracy pursuant to § 3B1.2. However, the Appellant had failed to make this objection to the district court. This Court held that the Appellant was "not entitled to appellate relief on this point, because questions of fact capable of resolution at sentencing can

No. 12-30568

C.     Obstruction of Justice Guideline

As previously noted, the district court imposed an upward variance sentence based on Simons's writing a letter to his drug cohorts identifying undercover agents. Simons argues that, instead of imposing the upward variance, the district court should have considered increasing his offense level under § 3C1.1. Section 3C1.1 provides that if a defendant obstructs the investigation, prosecution, or sentencing of the instant offense, the offense level is increased by 2 levels.

Simons did not argue before the district court that he should receive an increase under § 3C1.1 instead of an upward variance. Instead, Simons's counsel stated that he thought the upward variance might entail a lengthier sentence than if Simon was "accused and convicted of obstruction of justice." Although Simons's counsel was referring to a conviction of the offense of obstruction of justice, the district court and the Government then began discussing it as a "sentencing calculation," which presumably means § 3C1.1. Nonetheless, although the topic of an increase for obstruction was broached,

---

never constitute plain error." *Id.* at 774. Likewise, in the instant case, Simons did not object to the district court's failure to find that he had a minimal role in the offense under § 3B1.2.

Moreover, although the district court generally stated that Simons had a minimal role in the overall conspiracy, it is not clear that it would have found his role minimal in the context of § 3B1.2. The commentary to § 3B1.2 provides that the minimal participant adjustment "is intended to cover defendants who are *plainly among the least culpable* of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." § 3B1.2 cmt. n. 4 (emphasis added). While in jail awaiting sentencing, Simons wrote a letter to his drug dealing cohorts informing them of the names and identities of the undercover agents and a cooperating witness involved in the instant investigation. As will be discussed in more detail below, this letter was the principal reason the district court applied an upward variance to Simons's sentence. The district court found that the letter caused the agents' lives to be in danger. Under these circumstances, it does not appear that the court would find he was "plainly among the least culpable" in the group. Thus, Simons has not shown that the district court plainly erred in not granting him a decrease for having a minor role under § 3B1.2.

No. 12-30568

Simons did not make the argument that he should receive this increase in lieu of an upward variance. In fact, at the sentencing hearing, the district court asked both attorneys whether they agreed that the guideline range had been properly calculated, and both the Government and Simons's counsel responded affirmatively. Thus, this claim will be reviewed for plain error.

Simons points out that the Government and the district court both mistakenly thought that the obstruction of justice had to occur before the guilty plea. However, as the "Sentencing Guidelines make clear, the obstructive conduct can occur at any time in the proceedings, including prior to sentencing." *United States v. Olguin*, 643 F.3d 384, 401 (5th Cir. 2011). The district court's misapprehension that the obstructive conduct had to occur prior to the guilty plea is of no moment because the district court could have increased the offense level under § 3C1.1 in addition to imposing an upward variance. This Court has explained that, when determining an upward variance sentence, a district court is not prohibited from considering factors that the guidelines have already taken into consideration. *United States v. Williams*, 517 F.3d 801, 810-11 (5th Cir. 2008). Accordingly, Simons has not shown that the district court plainly erred in failing to increase his sentence for obstruction of justice in lieu of imposing an upward variance.

D.    Substantively Unreasonable Sentence

Simons contends that the district court's failure to consider the adjustments for minimal role and obstruction of justice and its incorrect calculation of criminal history points "resulted in an increased sentence without adequate explanation and resulted in a sentence greater than necessary." Simons did object to the upward variance.

This Court reviews sentences for reasonableness under an abuse of discretion standard. *Gall v. United States,* 552 U.S. 38, 46–50 (2007). First, it must be determined whether the district court committed any significant

procedural error, such as improperly calculating the guideline range. *Id.* As set forth above, contrary to Simons's contentions, he has not shown that the district court committed reversible error in calculating his sentence. If there is no procedural error or the error is harmless, this Court then reviews the substantive reasonableness of the sentence. *Id.* "In determining the substantive reasonableness of a sentence, we consider 'the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *United States v. Fraga*, 704 F.3d 432, 439-40 (5th Cir. 2013) (footnote omitted). Further, if "the sentence is outside the Guidelines range, we 'may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id.* at 440 (footnote omitted). "With respect to considering the § 3553(a) factors, '[a] non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors.'" *Id.* (footnote omitted).

Simons points out that, as a result of writing the letter that identified the undercover agents, he lost his acceptance of responsibility reduction and any downward departure for substantial assistance under § 5K1.1. Simons claims that he likely would have been sentenced to the mandatory minimum of 60 months had he not written the letter. However, Simons does not actually argue that the loss of these sentence reductions constituted error. Instead, Simons contends that the district court failed to take into consideration that he had lost the reductions when it determined his upward variance sentence. As explained below, this contention is without merit.

Simons also asserts that the district court failed to provide an adequate explanation for imposing "a sentence that was 4 years greater than the top of the

guideline range considering all proper adjustments." As previously set forth, Simons has not shown that the guideline range of 92 to 115 months was erroneously calculated. Thus, the upward variance sentence of 144 months is only a 29-month increase from the top of the guideline range—not a 4-year increase. In light of the letter identifying undercover agents, Simons has failed to show that a 29-month variance from the guideline range is unreasonable or constitutes an abuse of discretion. *See, e.g., United States v. Lopez–Velasquez*, 526 F.3d 804, 805–07 (5th Cir. 2008) (affirming as reasonable a 42-month departure from a 30-month guideline maximum).

Further, the court did explain its reasoning at the sentencing hearing as follows:

> The Court notes that this sentence is a variance, an upward variance from the guidelines. And the Court has based that upward variance on several factors. The main factor that the Court bases this upward variance is the letter that Mr. Simons wrote from jail.
>
> Mr. Simons, the Court doesn't believe this was your attempt to get additional information from other drug colleagues to give more information to the Government.
>
> In the letter you brag about how little information you gave to the Government and you identify three undercover cops by their names, one with the fake driver's license number that was being used, and with descriptions. And that is – puts those people in danger. You detail how the federal government was conducting its undercover research in this matter in the letter. And this is a serious breach, in the Court's mind, of your representations to the Court that you are accepting responsibility for what you did. The letter indicates a refusal to withdraw from criminal conduct and indeed shows that you're continuing to act in furtherance of any type of drug conspiracy. It shows a plain intent to re-integrate into a drug distribution network upon release. And your lack of remorse or contrition for the crimes that you have committed are evidenced by this letter and by your desire to protect the other dealers from law enforcement.

No. 12-30568

And above all, once again, it is the danger in which you placed the three officers and their families by trying to provide their identifying information to criminals attempting to evade detection.

The Court feels that these actions put you outside of the heartland cases which composes the sentencing guidelines and for which the sentencing guidelines are designed to address.

The sentence has been selected after also considering the factors in 18 U.S.C. [section] 3553(a) pertaining to the defendant's criminal history, personal characteristics, his involvement in the instant offense, and his actions after he pled guilty.

Contrary to Simons's assertion, the court, at least implicitly, recognized that Simons lost the reduction for acceptance of responsibility when it stated that his writing the letter was a serious breach of his representation to the court that he had accepted responsibility for his conduct. Further, the court expressly considered § 3553(a) factors at both the sentencing hearing and in its Statement of Reasons. Simons has not shown that the upward variance sentence was substantively unreasonable.

III.   CONCLUSION

For the above reasons, the district court's judgment is AFFIRMED.