[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12324
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00442-SDM-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHAUNCEY GREGORY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 19, 2019)

Before WILSON, WILLIAM PRYOR, and HULL, Circuit Judges.

PER CURIAM:

Chauncey Gregory pleaded guilty to possessing cocaine with intent to

distribute under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) and being a felon in

possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The district court sentenced Gregory to 210 months' imprisonment.[1]  The district court's calculation included an 89-month upward variance for Gregory's obstructive presentence conduct.  The government established that, while awaiting sentencing, Gregory mailed a package of marijuana to a detective who worked on his case in an apparent attempt to harm that detective's career.  A search of Gregory's home revealed that he possessed the addresses and contact information for several law enforcement officers and their families.  Gregory now appeals, arguing that the district court's upward variance rendered his sentence substantively unreasonable. We disagree and affirm.

We review the reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  A sentence is substantively reasonable if the totality of circumstances and the 18 U.S.C. § 3553(a) sentencing factors support it.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  The sentencing factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to protect the public.  18 U.S.C. § 3553(a)(1)–(2).  The party challenging the sentence must prove that the sentence

---

[1] The district court sentenced Gregory to 210 months for the drug charge and 120 months for the firearm charge, to be served concurrently.

is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A court can abuse its discretion when it fails to consider significant relevant factors, gives an improper or irrelevant factor significant weight, or commits a clear error by unreasonably balancing the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Absent clear error, we will not reweigh the § 3553(a) factors. *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009). In applying an upward variance, the district court is permitted to consider factors that were already accounted for in the Guideline range. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). A sentence well below the statutory maximum is an indicator of its reasonableness. *Gonzalez*, 550 F.3d at 1324.

The district court carefully considered and weighed the Guideline range, statutory penalties, and § 3553(a) factors. First, the nature of Gregory's offenses included possession of drugs and a firearm in his home where children were present. Second, Gregory mailed marijuana to a law enforcement officer in an apparent attempt to sabotage the government's case against him which, at the least, could have seriously impacted that detective's career. Third, Gregory obtained the

3

personal addresses and contact information for several other law enforcement officers and their families.  Fourth, Gregory was apparently undeterred by the minimum sentence he was already facing when he chose to send drugs to the detective.  The district court noted that, given these facts, Gregory presented "a persistent and imminent danger to the community."

Gregory argues that his sentence was unduly harsh compared to similar cases.  He argues that his case is most analogous to *United States v. Simons*, 540 F. App'x 282 (5th Cir. 2013).  Aside from being unpublished and non-binding, *Simons* is easily distinguished.  In *Simons*, the Fifth Circuit affirmed a 29-month upward variance when a defendant *attempted* to send a letter from prison that may have put officers in danger.  *Simons*, 540 F. App'x at 289.  Unlike in *Simons*, Gregory actually sent illegal drugs to the home of an officer and had the addresses for other officers and their families.  There is no unwarranted sentencing disparity here.  Gregory also argues that the district court should not have applied an upward variance because the Guidelines had already considered his obstructive conduct.  But as the district court correctly noted, it was proper for the court to also consider that conduct in applying an upward variance.  *Amedeo*, 487 F.3d at 833–34.  Finally, the sentence was well below the statutory maximum sentence of life imprisonment.  *Gonzalez*, 550 F.3d at 1324.

4

In light of these considerations, the district court's sentence was not substantively unreasonable, and we affirm.

**AFFIRMED.**